## HORACE H. HALPINE *vs.* WILLIAM B. MAY.

A deposit of money by A. with B. for which B. has given the following receipt: " Received from A. $5000 for the purchase of stocks, for which I agree to account for on demand," is not shown by said receipt to be such a trust as to constitute a fiduciary debt, which would not be barred by a discharge in insolvency.

In an action in which the defendant denied his liability and also pleaded a certificate of his discharge in insolvency, a bill of exceptions stated that, "by agreement of counsel, they tried before a jury only the issue of the validity of the discharge," and that the verdict was for the defendant. The record did not show that the cause of action was a fiduciary debt. *Held*, that after verdict it was too late for the plaintiff to show that the debt was fiduciary, and so not barred by the discharge.

CONTRACT brought April 28, 1865, to recover money deposited with the defendant by the plaintiff, who took therefor this receipt: " $5000. Boston, November 18, 1864. Received from Horace H. Halpine five thousand dollars, for the purchase of stocks and margins on same, for which I agree to account for on demand. Wm. B. May."

At October term 1865, the defendant filed an answer denying his liability, and at October term 1867 a further answer, setting up a certificate of discharge in insolvency, obtained since the last continuance. The case was referred by order of court to arbitrators, who made an award in favor of the plaintiff, and the case was tried before *Hoar*, J., who allowed a bill of exceptions which, after stating the above facts, continued as follows:

" By agreement of counsel, they tried before a jury only the issue of the validity of the discharge ; and, in conformity with this agreement, the court instructed the jury, in effect, if they found that the discharge was valid, to return a verdict for the defendant, to which instruction no exception was taken ; thereupon they did return a verdict for the defendant. Before the end of the term, the plaintiff moved for judgment on the award, on the ground that the claim was fiduciary, and therefore not affected by the discharge ; contending that this was purely a question of law, and also a proper time to move for such a judgment, as the question of the force or effect of the discharge had never at any time before arisen. The court held that this point should have been pleaded, and the issue tried before the jury ; and that at this time the motion came too late ; and ordered judgment on the verdict."

*L. W. Osgood,* for the plaintiff.

*E. Avery & J. M. Keith,* for the defendant.

GRAY, J. Upon the facts stated in the pleadings and bill of exceptions, the plaintiff's claim appears to have arisen out of a contract of bailment or agency in the ordinary course of business, and not upon a trust of such a character as would constitute a fiduciary debt which would not be barred by a discharge under the insolvent law. *Chapman* v. *Forsyth,* 2 How. 202. *Hayman* v. *Pond,* 7 Met. 328. *Wolcott* v. *Hodge,* 15 Gray, 547. Gen. Sts. *c.* 118, § 79. All considerations of law and fact, not appearing on the record, and bearing upon the question whether this claim was barred by the discharge, should have been presented at the trial, either by replication, or by offer of proof and amendment of the pleadings, if necessary; and could not be suggested after verdict, unless reserved by leave of the court for subsequent consideration, which does not appear to have been done in this case. The statement in the bill of exceptions that, " by agreement of counsel, they tried before a jury only the question of the validity of the discharge," is explained by referring to the pleadings ; and evidently means that the trial did not include the question of the defendant's original liability, as put in issue by his first answer, but was confined to the issue of the discharge

*o*

in insolvency as set up in his additional answer in the nature of a plea *puis darrein continuance.* This issue involved all matters bearing upon the question whether the discharge was a bar to the plaintiff's claim. *Exceptions overruled.*