THE CITY OF CHICAGO

*v.*

JOSEPH J. DUFFY.

*Opinion filed April 18, 1899.*

CONTRACTS—*construction of contract for excavating and building a water tunnel.* A contract for a water tunnel, which specifies the terms to be for "tunnel in rock eight feet internal diameter, $17.75 per lineal foot; rock excavation over and above cost of lineal foot of tunnel or shaft, $10 per cubic yard," contemplates such additional payment where the excavation is in an *all-rock* portion of the tunnel, notwithstanding the specifications provide for additional payment per cubic yard for rock excavation, where the tunnel is partly in earth and partly in rock, over the cost per lineal foot of tunnel in earth.

MAGRUDER, J., dissenting.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

CHARLES S. THORNTON, Corporation Counsel, and THOMAS J. SUTHERLAND, (JOHN P. WILSON, of counsel,) for plaintiff in error.

RICHARD PRENDERGAST, DAVID J. BAKER, and JOHN REID MCFEE, for defendant in error.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Defendant in error, who was plaintiff in the trial court, brought suit against the plaintiff in error, who was the defendant, and each party will be hereafter spoken of in this opinion as of the relation occupied therein. The plaintiff alleged that he entered into a contract in writing with the defendant, by which he agreed to build and construct a water tunnel and shafts in the city of Chicago from a shaft to be located at the west end of the proposed ten-foot water tunnel situated in the neighborhood of North Green street, near Grand avenue, thence to a

terminus at some point west of Rockwell street to be determined by the commissioner of public works. The work was to be done according to the terms, conditions and directions set forth in the contract and the plans and specifications attached thereto and made a part thereof. The following work to be done by the plaintiff under this contract was designated in the plans and specifications: "Second section, eight feet internal diameter. From shaft at west end of ten-foot tunnel to the terminus west of Rockwell street. The clear width of the tunnel shall be eight feet and the clear height eight feet two inches; the top and bottom arches shall be semi-circles; the tunnel shall be lined with brick masonry in three rings, or about thirteen inches in thickness."

The proposal of the plaintiff to do this work according to the specifications was submitted, and he proposed to do all the work and furnish all the material in section 2 at prices designated in the proposal, which, as submitted, was, that he would do the work in section 2 for "shafts ten feet internal diameter, per lineal foot, $30; tunnel in earth, eight feet internal diameter, per lineal foot, $13.55; tunnel in rock, eight feet internal diameter, per lineal foot, $17.75; rock excavation over and above the cost of lineal foot of tunnel or shaft, per cubic yard, $10; cast-iron in covers, etc., per pound, six cents."

On the 13th day of September, 1895, an agreement was signed by Joseph J. Duffy on the one part, and the mayor, comptroller and commissioner of public works of the city of Chicago on the other part, by which the city agreed to pay for the work to be performed in accordance with the proposal. The specifications attached to the agreement provided: "When the tunnel is partly in earth and partly in rock the contractor will be paid an additional price per cubic yard for rock excavation over and above the unit price per lineal foot of tunnel in earth. When the tunnel is in rock the brick lining may, if deemed secure by the city engineer, be reduced one ring less of

brick, and in all cases the masonry shall be brought to a true circular section. In every instance all spaces left between the outside of the regular brick work and the excavation shall be filled in with solid brick masonry, but no allowance will be made for such additional work and material."

The only substantial provisions of the contract with reference to the time of making compensation for doing the work and the manner in which it should be done, except the promise to pay according to the proposal, are the following: "And no estimate will be issued to said contractor or contractors until all claims for labor on this contract shall have been satisfied. It is also agreed by said city that if the rate of progress shall be satisfactory to said commissioner of public works, estimates in its usual form will be issued to said party of the first part, during the making of said improvements, for eighty-five per cent of the value of the work done and in place at the time of issuing such estimate, the remaining fifteen per cent being reserved until the final completion and acceptance of said work. No payment will be made for any extra work not specified in this contract, unless such extra work shall have been done by the written order of the commissioner of public works, to be attached to such contract, directing the same, and stating that such work is not included in the contract, what the extras are, and that such extras are necessary for the proper completion of or for the security of the work previously done, and the reasons therefor."

Plaintiff entered upon the performance of his contract and excavated 4707 lineal feet of tunnel in solid rock. As this work progressed it was inspected by defendant's engineers and was found satisfactory, and estimates were made from time to time and vouchers given to plaintiff and paid, but the parties differed about the construction of the contract and defendant's officers refused to include in the estimates and vouchers any sum or allowance for

rock excavation above the price of $17.75 per lineal foot. Plaintiff claimed that he was entitled to $10 per cubic yard besides the lineal foot price.

This difference having arisen between the plaintiff and the city as to the construction of the contract and the amount plaintiff should receive for work done thereunder, the plaintiff brought his action of assumpsit against the defendant for the eighty-five per cent provided by the contract to be paid upon the estimates as the work progressed. The declaration filed on this contract set out the same, with the specifications, *in hæc verba*, together with the proposal. Subsequently an additional count was filed, which contained an averment as follows: "And plaintiff avers that defendant, at and for a long time prior to the making of said contract, had in existence and in operation a water-works system, from which it derived revenues and income, and had therefrom a water fund, as authorized and provided by the statutes of Illinois in that behalf, and that the work contemplated to be done by said contract was a proper and necessary extension of said water-works and system, and that the payments for such work contemplated by said contract to be made by defendant to plaintiff were by the contemplation and agreement of the parties thereto to be made from said water fund, and not otherwise; that this plaintiff has oftentimes since said sum became payable, requested the defendant to pay the same to him, yet the defendant, not regarding its said promise and agreement so by it in and by said contract in manner and form aforesaid made to pay said sum to plaintiff, has at all times refused, and still refuses, to pay to plaintiff said sum, or any part thereof." Thereafter various amendments were made to the declaration.

Under the above quotation from the additional count, and during the trial, the following stipulation and waiver were filed: "During the trial plaintiff filed with the clerk and submitted to the court a waiver as to the fund from

which payment was to be made, which was marked 'Exhibit 107,' and is in words and figures following: 'And plaintiff avers that said parties, at the time of making said contract, agreed, as part of said contract, that all moneys by said contract provided to be paid to plaintiff were payable out of the 'water fund' of and belonging to defendant, derived and to be derived from sales of water by defendant from the water system and waterworks, and extensions thereof, belonging to defendant, and that such agreement as to the fund from which payments as aforesaid were to be made to plaintiff was not expressed in said contract; and plaintiff avers that the tunnel to be constructed by plaintiff according to the terms of said contract was an extension of the water system of defendant; and plaintiff waives right to payment out of any and all moneys raised by taxation and out of all funds and moneys of defendant other than said water fund.'"

The defendant filed special pleas, which were ordered by the court to stand as notice under the general issue, and under the same defendant might offer in evidence all matters that would be competent if specially pleaded. When the cause proceeded to a trial, counsel for both parties stated to the trial court that the questions in dispute between the parties were: "First, principally of law,—that is, whether, by the written contract, plaintiff was entitled to $10 per cubic yard for the rock excavated in all the rock portion of the tunnel, besides what was called the lineal foot price of $17.75 per lineal foot; second, the amount of rock excavated by plaintiff." By this statement the controversy and the questions to be tried and settled were fixed and reduced to the two so stated: First, a question of law for the court on the difference of construction which had arisen as above stated; and second, a question of fact for a jury as to the amount of rock excavated. The question of fact was submitted as to the number of lineal feet through rock excavated, and

the necessary size of the excavations for the tunnel according to the plans and specifications, which was the only question of fact presented by the statement of the dispute, and the question presented as to the construction of the contract whether the plaintiff was entitled to recover $10 per cubic yard for the rock necessarily excavated in the all-rock portion of the tunnel besides what was called the lineal foot price of $17.75 per lineal foot, was submitted to the court. These two propositions were those on which plaintiff's case rested. The defense urged that the clause in the contract providing for the payment of $10 per cubic yard rock excavation relates only to where the tunnel is partly in rock and partly in earth.

The trial court, in construing the contract, held the plaintiff was entitled to recover $10 per cubic yard for rock necessarily excavated in the all-rock portion of the tunnel besides what was called the lineal foot price of $17.75 per lineal foot. On the question of fact as to the amount of rock excavated by the plaintiff necessary for the construction of the tunnel in accordance with the specifications and contract, the jury found the plaintiff was entitled to recover the sum of $218,452, whereupon the court required a *remittitur* of $14,123.48 to be entered, which being done, the court entered judgment against the defendant and in favor of the plaintiff for the sum of $204,328.52, with costs. The defendant entered a motion for a new trial, which was overruled, to which exception was made and a writ of error was sued out from this court bringing the record here for review.

It is clear the verdict and judgment were based upon the right of recovery of plaintiff of $10 per cubic yard for rock actually and necessarily excavated in tunneling forty-seven hundred and seven feet of solid rock excavation in the tunnel mentioned in the contract entered into between the plaintiff and defendant, less fifteen per cent thereof. The disagreement between the plaintiff and the defendant as to the amount of rock necessarily excavated

was as to the necessary extent of the cross-section of the tunnel sufficient to place therein a tunnel with interior cross-sections as designated by the contract, lined with three rings of brick. On the question as to the necessary diameter of a tunnel to be thus excavated the evidence was conflicting. This conflicting evidence was not only heard and considered by the jury on the trial, but on a two days' hearing of the motion for a new trial by the judge who had seen and heard the witnesses, and who, by stipulation between the parties, heard evidence and argument on the motion for a new trial, resulted in a verdict as above stated with the *remittitur* as above required.

In the construction of this contract the question is presented whether the plaintiff was entitled to $10 per cubic yard for the rock necessarily excavated in the all-rock portion besides the lineal price of $17.75 per lineal foot. On this question the covenant of the city as made by this contract was: "The said city of Chicago hereby covenants and agrees, in consideration of the covenants and agreements in this contract specified to be kept and performed by the said party of the first part, to pay to said party of the first part, when this contract shall be wholly carried out and completed on the part of said contractor and when said work shall have been accepted by said commissioner of public works, the following sums, to-wit: Shafts, ten feet internal diameter, $30 per lineal foot; tunnel in earth, eight feet internal diameter, $13.55 per lineal foot; tunnel in rock, eight feet internal diameter, $17.75 per lineal foot; rock excavation, over and above cost of lineal foot of tunnel or shaft, $10 per cubic yard; cast iron in covers, etc., six cents per pound."

The language used in the contract is unambiguous and leaves nothing for construction. The specifications attached to the contract contained a provision that "when the tunnel is partly in earth and partly in rock the contractor will be ·paid an additional price per cubic yard for rock excavation over and above the unit price per

lineal foot of tunnel in earth." The defendant insists that the price per cubic yard in addition to the price per lineal foot is only to be paid, under this contract, when the tunnel is partly in earth and partly in rock, as provided in the above quotation from the specifications. Such a construction would do violence to the language of the contract, which provides that when the contract is completed and the work shall have been accepted payment is to be made as follows: For "tunnel in rock, eight feet internal diameter, $17.75 per lineal foot; rock excavation, over and above lineal foot of tunnel or shaft, $10 per cubic yard." From the specifications and contract it is clearly apparent that the intention of the parties to this contract was that the city should pay the contractor, in addition to the lineal foot price, a price per cubic yard for rock excavation necessarily made, where such rock excavation was in a part of the tunnel where it was all rock excavation. The language of the specifications and contract can bear no other interpretation. The only construction that can be given the contract is, that the city was to pay the contractor $10 per cubic yard for all rock necessarily removed in the all-rock portion of the tunnel in addition to the lineal price to be paid for such rock excavation which was necessary to be made for the purpose of the construction of the tunnel.

The form of the contract in this case is similar to that construed by this court in *City of Chicago* v. *Weir*, 165 Ill. 582, in which it was said (p. 589): "Moreover, it will be observed that plaintiffs' contract calls for two kinds of excavation—tunnel in rock and tunnel in earth—while this provision refers to tunnel that runs partly in earth and partly in rock, and it can have no application to the plaintiffs' contract or the tunnel constructed by plaintiffs, which is wholly in rock. If, during the progress of the work, the plaintiffs should run into a formation composed partly of earth and partly of rock, and the tunnel would have to be constructed through that formation,

then the clause in the specifications would apply; but that clause has no bearing whatever on a tunnel wholly in rock or wholly in earth." What is there said is equally applicable to this contract.

By the terms of the contract the city was to pay eighty-five per cent of the contract price of the work done, reserving fifteen per cent thereof until the final completion and acceptance of the work. The construction of the contract as made by the trial court, that the plaintiff was entitled to $10 per cubic yard for the rock necessarily excavated in the all-rock portion of the tunnel besides what was called the lineal foot price of $17.75, was in accord with what was said in *City of Chicago* v. *Weir, supra*, and was clearly correct. This disposes of the question of law as submitted to the trial court in this controversy by the stipulation between the parties.

The trial court found and entered judgment, as heretofore stated, for the sum of $204,328.52. This judgment was entered on evidence, as heretofore said, which was exceedingly conflicting in character, and it appears from the evidence that the tunnel was not absolutely completed by reason of the fact that the brick masonry was not placed therein. It is shown by the record that during the progress of the rock excavation the city paid the contractor, on account of such excavation, the sum of $57,495.80. The record shows this payment to have been made as part of the lineal foot price of $17.75 per lineal foot. This sum should be deducted from the amount coming to the contractor for rock excavation, which is the only recovery sought in this action. The trial court would doubtless have deducted this sum had its attention been called to the matter, which was not done, nor was there any objection that the amount sought to be recovered by the plaintiff should be reduced to a less sum than the price as found to be due under the contract and the statement of the parties as to the questions submitted to the court. The only question was as to the

construction of the contract and the amount of rock excavation made. We are not disposed to disturb the verdict of the jury on the finding of fact as to the amount of rock necessarily removed for the purpose of placing the completed tunnel therein, but inasmuch as there has been paid to the plaintiff from the lineal foot price the sum of $57,495.80, the defendant in error appears here and offers to remit the said sum of $57,495.80, and we will allow *remittitur* for that amount to be entered, as offered by defendant in error. Mr. Browning, the city's attorney, on the trial expressly conceded that the plaintiff was entitled to recover more than $163,000 on the trial court's construction of the contract, which was a correct construction and which is affirmed. The contract provision for the eighty-five per cent payment remains as expressed in the contract. This disposes of the questions of fact presented to the court for trial, and which were the only questions submitted to the court to be determined under the propositions as stated by the counsel engaged for plaintiff and defendant respectively.

Numerous questions have been raised as to the legality of the contract, and as to whether it was necessary to have an appropriation made before entering into the contract, and whether the contract as entered into was let to the lowest bidder, as also whether, by the contract as made, the indebtedness of the city was increased to an extent in excess of the constitutional limitation of five per cent. Under the statement of counsel for both parties made to the trial court on the questions in dispute no question of that character arises on this writ of error. The declaration declared against a water fund to be produced by water rates, rents and taxes, which was sought to be recovered against as a specific fund out of which payment was to be made for the work to be done under this contract. The judgment as entered by the court for the amount of the recovery should be paid out of the defendant's water fund, as set forth in the special count

declaring against such fund, which was sought to be reached and was declared against in the declaration in this case.

There was great latitude in the admission of evidence, and much evidence was admitted upon issues other than those which were stated by counsel for both parties as being the questions which were presented to the court for trial. There was no error in the construction as made by the trial court as to the contract. The amount as found by the jury and for which judgment was entered by the circuit court of Cook county, viz., the sum of $204,328.52, includes the sum of $57,495.80, which, as we have said, was not remitted nor any question raised in relation to the same before the trial court. Defendant in error appears here and offers to enter a *remittitur* for said sum of $57,495.80, which is allowed to be done, leaving judgment for the residue, viz., $146,832.72, and with this correction the judgment of the circuit court of Cook county will be affirmed. The defendant in error having admitted error in the amount of the judgment will be required to pay the costs in this court.

*Judgment affirmed.*

Mr. JUSTICE MAGRUDER, dissenting: Upon a day at this term we granted a rehearing in this case. Upon a subsequent day the majority of the court, upon motion of counsel for defendant in error, set aside the order allowing a rehearing, and filed a modified opinion, and entered a different judgment from that entered upon the original hearing. I am unable to concur in this action. It seems to me that a rehearing should be granted in the case, that is to say, that the order granting the rehearing should have been allowed to stand. I dissent from the foregoing opinion and from the conclusion reached by it.