(98 App. Div. 76)

### ECKES v. STETLER et al.

(Supreme Court, Appellate Division, First Department. November 18, 1904.)

1. TRIAL—DISMISSAL—WHEN PROPER.

> Where a complaint states a good cause of action, a motion to dismiss on the opening of counsel will not be granted, unless it appears that the averments of the complaint are limited to a particular matter on which a recovery cannot be had.

2. APPEAL—REVIEW—QUESTIONS RAISED BELOW.

> Where, on a motion to dismiss a complaint on the opening of counsel, the parties rested their claims on the question whether plaintiff could recover under a statute or at common law, plaintiff, on appeal from an order of dismissal, could not complain of the fact of dismissal without permitting him to offer proof, unless on the statute or at common law he was entitled to maintain the action.

3. NEGLIGENCE—INJURY TO FIREMAN—OPEN HATCHWAY—LIABILITY OF OWNER.

> An owner of a building is not liable at common law for injuries sustained to a fireman while in the building extinguishing a fire therein, in consequence of the owner leaving hatchways in the building open.

4. SAME—STATUTORY LIABILITY—REMEDY.

> The Consolidation Act (Laws 1882, p. 116, c. 410, § 453), requiring the closing of all hoistways, trapdoors, etc., in buildings at the close of day,

---

¶ 3. See Master and Servant, vol. 34, Cent. Dig. § 144; Negligence, vol. 37, Cent. Dig. § 43.

and providing that for any injury to firemen resulting from the neglect to do so the owner of the building shall be liable in actions by the board of fire commissioners for the fireman injured, and Greater New York Charter (Laws 1897, p. 263, c. 378, § 761), containing a similar provision, with the exception that the fire commissioner shall bring the action, do not authorize a fireman injured in a building, in consequence of the owner having left a hatchway open, to maintain an action in his own name, the remedy prescribed being exclusive.

Appeal from Trial Term, New York County.

Action by Jacob Eckes against Frederick M. Stetler and another. From a judgment dismissing the complaint on the opening of plaintiff's counsel, awarding the costs to defendants, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

T. M. Tyng, for appellant.

Edward P. Lyon, for respondents.

HATCH, J. This action was brought to recover damages for injuries alleged to have been sustained by the plaintiff on account of the negligence of the defendants in leaving open certain hatchways, which, under the law, the defendants were obligated to keep closed. In substance, the complaint avers that the defendants were the lessees and in full control of the building wherein the accident occurred; that the plaintiff was a fireman, a member of the uniformed force of the city of New York, and that upon the 5th day of September, 1897, he was in the building occupied by the defendants, as directed by his superior, and engaged in the work of extinguishing a fire therein; that he had proceeded to the third floor of the building, and, in the performance of his duty, went to a window on that floor, which was nearly directly beneath the hatchway through which the elevator was operated, when suddenly the cables of the elevator broke, and it descended from the floors above the hatchway, which had negligently and carelessly, and contrary to law, been permitted to be left open by these defendants and their servants; that plaintiff was struck and fell to the floor, the weight of the elevator carrying the floor beneath it away, and plaintiff was carried down under the elevator to the floor below, by reason of which he sustained serious injuries. At the opening of the trial a motion was made by the defendants to dismiss the complaint, upon the ground that it did not state a cause of action. This motion was denied, and thereupon the counsel for the plaintiff opened the case to the jury. In such opening address he stated in substance the averments of his complaint, and some other matters not adding to their force or effect. In his opening, counsel for the defendants stated: "Now I understand that they base their cause of action upon the Consolidation Act (chapter .410 of the Laws of 1882). That is the fact, is it not?" Plaintiff's counsel replied: "That, and the amendments that have brought it down to date. The provision is carried through several amendments." Counsel for the defendants thereupon moved to dismiss the complaint upon the opening, as it appeared that the cause of action was based upon the statute. Exhaustive argument was had, the trial of the cause was adjourned, and briefs were submitted to the trial court upon the question,

and, when the court reconvened, further oral argument was had at considerable length, at the conclusion of which the motion to dismiss the complaint was granted, to which the plaintiff took an exception.

Where the complaint states a good cause of action, a motion to dismiss on the opening of counsel will not be granted, unless it appear that the averments of the complaint were limited to particular matter upon which no recovery could be had. Under such circumstances the granting of the motion to dismiss upon the opening would be proper. Murphy v. Hopper, 75 App. Div. 606, 76 N. Y. Supp. 657. It was said by the Court of Appeals, in speaking of a similar question:

"When a defendant demands and procures such a ruling at the trial, he must be prepared to defend it in this court, upon the assumption that every material fact in issue is to be resolved or found in favor of the plaintiff." Hoffman House v. Foote, 172 N. Y. 348, 65 N. E. 169.

It is plain in the present case that the parties to this action came to rest their respective claims solely upon the question as to whether a recovery could be had by the plaintiff under the statute relied upon or at common law. So clearly was this condition made to appear that, while the plaintiff took an exception to the motion to dismiss the complaint, he did not offer any proof or ask permission to give any, nor did he make any other claim of any character, save such as was presented by the argument addressed to the court in support of the claim that the action was maintainable upon the statute or at common law. The appellant, therefore, must be treated as having rested his case upon the particular issue thus defined, and his appeal is to be disposed of upon that basis. He cannot be heard to complain of a matter which he did not call to the attention of the court, and upon which he did not invoke its power or ask its aid. No error can therefore be predicated upon the fact that the complaint was dismissed without permitting the plaintiff to offer proof, unless upon the statute or at common law he was entitled to maintain the action. That no such cause of action existed at common law seems reasonably clear. Thereunder no obligation or duty was imposed upon the owner or occupant of a building to maintain the same in a safe condition for a mere licensee, who goes upon the premises by sufferance, or one who went upon the premises of necessity. A fireman falls into the latter category. Cooley on Torts (2d Ed.) p. 367. But such condition did not impose any duty upon the owner or occupant of the building to take any particular steps to protect licensees of either class from danger arising out of the condition of the building, and no liability was imposed at common law on account of any failure in this respect. Behler v. Daniels (Sup. Ct. R. I.) 31 Atl. 582; Baker v. Otis Elevator Co., 78 App. Div. 513, 79 N. Y. Supp. 663. The only obligation which an owner of land was under to a mere licensee or a trespasser at common law was that he should not keep thereon dangerous appliances which might operate as a trap, or willfully, by affirmative act, inflict injury. Victory v. Baker, 67 N. Y. 366; Knight v. N. Y., L. E. & W. R. R. Co., 99 N. Y. 25, 1 N. E. 108. No such question can arise in this case, as there was no complaint of improper construction about the building. The most that can be claimed is that the elevator shaft was not properly guarded and the hatchways were not closed, but, as there was no duty enjoined upon

the owner or occupant in these respects outside of the statute, no liability could attach at common law for any omission in this regard. The case comes, therefore, to rest entirely upon the provisions of the statute. The Consolidation Act (section 453, c. 410, p. 116, Laws 1882) reads:

"All hoistways, well-holes, trap-doors and iron shutters shall be closed at the completion of the business of each day by the occupant of the building having use or control of same, and in case of a violation of this provision, such occupant having the use or control thereof shall forfeit and pay a penalty of fifty dollars for each and every neglect or omission so to do. And for any accident or injury to life and limb, resulting directly or indirectly from any neglect or omission to properly comply with any of the requirements of this section, the person or persons culpable or negligent in respect thereto shall be liable to pay to any officer, agent or employee of said board injured, or whose life may be lost (resulting from such neglect or omission) while in the discharge or performance of any duty imposed by said board, or to the wife and children, or to the parents, or to the brothers and sisters, being the surviving heirs-at-law of any deceased person thus having lost his life, a sum of money in case of injury to the person not less than one thousand dollars, and in case of death not less than five thousand dollars, such liability to be determined and such sums recovered in an action to be instituted by said board for and in behalf of any person injured, or the family or relatives of any person killed as aforesaid; and any and all persons for any fire resulting from his or their wilful or culpable negligence, or criminal intent or design, shall, in addition to the present provisions of law for the punishment of persons convicted of arson, be liable in a civil action for the payment of any and all damages to the person and property the result of such fire, and also for the payment of all costs and expenses of said board incurred in and about the use of employees, apparatus and materials in the extinguishment of any fire resulting from such cause, the amount of such costs and expenses to be fixed by said board, and when collected shall be paid into the relief fund of said department herein created; and shall also be liable for injury to person or loss of life of any officer, agent or employee of said board, in the same manner and like extent, and to be sued for in like manner as in the preceding part of this section provided for."

This provision was carried into section 761 of the Laws of 1897, being chapter 378, p. 263, and known as the "Greater New York Charter," the only change being that the commissioner was substituted for the board, and the reason for this change lies in the fact that under the charter the office of fire commissioner was created, who took the place and performed the duties which had theretofore devolved upon the board of fire commissioners. The accident occurred on September 5, 1897, and this was prior to the time when the Greater New York Charter took effect. This, however, is immaterial, as the obligation and duty which were imposed upon the owners and occupants of buildings remained the same after as before. The only change was in the person authorized to enforce the remedy.

The cause of action, therefore, if it exists at all, must be found in the statutory provision both as to the duty imposed and the remedy for the enforcement of the obligation created. By the terms of the act a cause of action is created for a breach of the duty imposed by the statute, but by its express terms the remedy for the enforcement of claims arising out of a breach of the obligation was vested by the statute in the board of fire commissioners under the consolidation act, and in the fire commissioner under the provisions of the charter. It has long been the settled law that, where a statute confers a right and therein prescribes a particular method of procedure for the enforcement of it,

such provision furnishes the exclusive remedy, and must be followed (Dudley v. Mayhew, 3 N. Y. 9), and this rule has received uniform approval (Heiser v. Mayor, etc., 104 N. Y. 68, 9 N. E. 866; Matter of N. Y., L. E. & W. R. R. Co., 110 N. Y. 374, 18 N. E. 120; People ex rel. Hatzel v. Hall, 80 N. Y. 117). As no duty was imposed upon the defendants independent of this statute, and as there existed no liability at common law, it necessarily follows that the plaintiff was remitted to the statutory remedy, and whatever liability existed can only be enforced in the manner therein prescribed.

It follows that the plaintiff is without standing to maintain his action. The judgment dismissing the complaint should therefore be affirmed, with costs. All concur.