*PIGEON *et al.* v. BUCK *et al.*

No. 3038.   Opinion Filed April 23, 1913.

Rehearing Denied May 6, 1913.

(131 Pac. 1083.)

INDIANS—"New Acquisition"—What Constitutes—Indian Allotment.
Mansfield's Digest of Ark. c. 49, sec. 2531, provides that, on the
death of a person intestate, unmarried, and leaving no children,
the estate, if it come from the father, shall go to the father,
and if from the mother shall go to the mother, "but if the estate
be a new acquisition it shall ascend to the father for his life-
time and then descend in remainder to the collateral kindred
of the intestate." Held, that the allotment of a full-blood cit-
izen of the Creek Nation, duly enrolled as such, who died on
July 12, 1905, after receiving her certificates and patents there-
to, was not a new acquisition, but came to her by the blood of
her tribal parents, who on her death took full title thereto to
the exclusion of the brothers and sister of the deceased; all of
full blood.  Following **Shulthis v. McDougal et al.,** 170 Fed. 529,
95 C. C. A. 615.

(Syllabus by the Court.)

*Error from District Court, Hughes County;*
*John Caruthers, Judge.*

Action by Lena Pigeon and others against William Buck
and others.   Judgment for defendants, and plaintiffs bring
error.   Affirmed.

*Carles F. Bliss* and *Lewis C. Lawson,* for plaintiffs in
error.

*Crump & Skinner,* for defendants in error.

TURNER, J.   On September 13, 1910, plaintiffs in error,
Lena Pigeon, Jimmie Larney, Joseph Pigeon, and Jakeman
Pigeon, the two last-named minors, by John Pusley, their
guardian, sued, in the district court of Hughes county, the
defendants in error, William Buck, Willie Harjo, John Pigeon,
and Mate Pigeon, to clear their title.

*Appealed the the United States Supreme Court.

The petition substantially states that Lowiney Harjo, a full-blood citizen of the Creek Nation and duly enrolled as such, on July 12, 1905, after receiving her certificates and patents thereto died intestate, seised of her allotment (describing it) in the Creek Nation; that she left no child or children or their descendants her surviving, leaving her surviving, plaintiffs, Lena Pigeon, Jimmie Larney, Joseph Pigeon, and Jakeman Pigeon and her father and mother, John Pigeon and Mate Pigeon, also her husband, Willie Harjo, all full-blood citizens of the Creek Nation and duly enrolled as such; that thereafter the father and mother and the husband of deceased conveyed said land by warranty deed to the defendant William Buck, which was duly approved by the county court of Hughes county and filed for record; that the plaintiffs, brothers and sister of deceased, are her sole heirs, and as such entitled to inherit the property, because they say the same was a new acquisition; and prayed that the court so adjudge and decree and clear their title of the deeds made by the father and mother to said Buck. To the judgment of the court sustaining a demurrer to their petition, plaintiffs bring the case here.

Both sides agree that the devolution of this allotment is governed by chapter 19 of Mansf. Dig. of Ark. and particularly subsection 2 of section 2522, construed in connection with section 2531. Said subsection reads:

"If there be no children, then to the father, then to the mother; if no mother, than to the brothers and sisters, or their descendants, in equal parts."

And section 2531:

"In cases where the intestate shall die without descendants, if the estate comes by the father, then it shall ascend to the father and his heirs; if by the mother, the estate, or so much thereof as came by the mother, shall ascend to the mother and her heirs; but if the estate be a new acquisition it shall ascend to the father for his lifetime, and then descend, in remainder, to the collateral kindred of the intestate in the manner provided in this act; and, in default of a father, then

to the mother, for her lifetime; then to descend to the collateral heirs as before provided."

That the land in question was not a new acquisition, and pursuant to these sections, when construed together, passed to John Pigeon and Mate Pigeon, the father and mother of the deceased, is no longer an open question in this jurisdiction, having in effect been decided by the Circuit Court of Appeals for the Eighth Circuit in *Shulthis v. McDougal,* 170 Fed. 529, 95 C. C. A. 615. There Andrew J. Berryhill, son of George Franklin Berryhill, a member of the Creek Nation of mixed blood, and Clementine Berryhill, his wife, a non-citizen of that tribe, died seised of an allotment. In determining who took the estate, the court construed these two sections together and held the person to be George Franklin Berryhill, the father of the deceased, and in passing said:

"* * * But when, as here, the time came to disband the tribe, its ownership as a political society could no longer continue, and the division of its property was far more nearly akin to the partition of property among tenants in common than the grant of an estate by a sovereign owner. Under such a scheme, it cannot be said that the property which passed to an allottee is a new right or acquisition created by the allotment. The right to the property antedates the allotment, and is simply given effect to by the act. Viewing the tribal property and its division in this light, Andrew J. Berryhill acquired his right to the land in question by his membership to the tribe. It was his birthright. It came to him by the blood of his tribal parent, and not by purchase. In applying the Arkansas statute, we shall accomplish the purpose of Congress and the Creek Nation best by treating the lands, not as a new acquisition by him, but as an inheritance from his parents as members of the tribe. His father was the only parent through whom he derived his right, and to his father the land should pass. If the mother had been a member of the tribe, then the land should properly pass to the parents equally."

Many titles to lands on the eastern side of this state have been acquired on the strength of this decision, and to such an extent that the same has become a rule of property there

(*De Wall v. Cline et al.*, 35 Okla. 197, 128 Pac. 121; *MaHarry v. Eatman*, 29 Okla. 46, 116 Pac. 935; *Duff et al. v. Keaton et al.*, 33 Okla. 92, 124 Pac. 291), we hold that John Pigeon and Mate Pigeon, his wife, are the persons to whom, on the death of the allottee, this estate passed in equal moieties, and that plaintiffs in error, plaintiffs below, have no interest therein. For that reason the court did not err in sustaining the demurrer to their petition.

The judgment is affirmed.

HAYES, C. J., and KANE and DUNN, JJ., concur; WILLIAMS, J., not participating.