## *McDOUGAL, v. McKAY *et al.*

### No. 6372.    Opinion Filed August 25, 1914.

#### (142 Pac. 987.)

1.    **INDIANS** — Allotment — Descent — New Acquisitions.    Andrew Berryhill was a mixed-blood member of the Creek tribe of Indians.    He died while an infant, intestate, in November, 1901. Thereafter his name was duly placed upon the rolls prepared by the Commission to the Five Civilized Tribes, and approved by the Secretary of the Interior.    The land involved and other lands were selected by an administrator and set apart to him as an allotment. Patent was duly issued, conveying the land to his heirs.    He left surviving his father, who was a mixed-blood member of the Creek tribe of Indians, and his mother, who was a noncitizen and not a member of any Indian tribe, together with several uncles and aunts, members of the Creek tribe.    **Held,** that under Mansf. Dig. sec. 2531, which was in force in the Indian Territory by virtue of an act of Congress, the land involved was not a new acquisition, but came to him by the blood of his tribal parent, to wit, his father, to whom the fee-simple title to said land passed. Following **Shulthis v. McDougal,** 170 Fed. 529, 95 C. C. A. 615; **Pigeon et al. v. Buck et al.,** 38 Okla. 101, 131 Pac. 1083.

2.    **COURTS**—Indians—Allotment—Descent—New Acquisition — Previous Decision as Controlling.    The plaintiff in error tendered certain testimony of lawyers, for the purpose of showing that the rule laid down by the Circuit Court of Appeals in the case of **Shulthis v. McDougal,** 170 Fed. 529, 95 C. C. A. 615, and the case of **Pigeon et al. v. Buck et al.,** 38 Okla. 101, 131 Pac. 1083, had not been followed generally by the profession and trial judges. Objection was made to the introduction of this testimony, upon the ground that it was incompetent and immaterial, which objection was by the court sustained.    **Held,** that the court committed no prejudicial error in sustaining said objection.    **Held,** further, that the rule announced in the case of **Pigeon et al. v. Buck et al.,** supra, is adhered to and held to be a rule of property.

(Syllabus by the Court.)

*Error from District Court, Tulsa County;*
*L. M. Poe, Judge.*

Action by D. A. McDougal against Edmond McKay and others.    Judgment for defendants, and plaintiff brings error.    Affirmed.

---

*Appealed to the Supreme Court of the United States.

McDougal v. McKay et al.

*Rosser & Cochran,* for plaintiff in error.

*Ramsey & Thomas,* for defendants in error.

RIDDLE, J.   The admitted facts in this case are that Andrew J. Berryhill was a member by mixed-blood of the Creek tribe of Indians; that he died intestate, while an infant, in the month of November, 1901, leaving surviving him his father, George Franklin Berryhill, and his mother, Clementine Berryhill; that George Franklin Berryhill was a member, by mixed-blood, of the Creek tribe of Indians, and legally enrolled; that his wife, mother of the deceased, Clementine Berryhill, was a noncitizen and not a member of any tribe of Indians; that Andrew J. Berryhill left no brothers or sisters surviving him; that on the 8th day of October, 1902, his name was duly and legally placed upon the tribal rolls of the Creek Nation as a member and citizen thereof by the Commission to the Five Civilized Tribes, and approved by the Secretary of the Interior; that in the year 1904 there was set apart and allotted in the name of the said Andrew J. Berryhill, deceased, the lands involved in this suit, with other lands; that in October, 1905, patents were duly issued, conveying the title to said land to the heirs of the said Andrew J. Berryhill, deceased; that on the 5th day of June, 1909, George Franklin Berryhill and wife, Clementine Berryhill, father and mother of Andrew J. Berryhill, deceased, for a valuable consideration, executed and delivered to defendants Edmond McKay and Perry McKay a warranty deed, conveying all their title and interest in and to the lands involved herein; that thereafter the said Edmond and Perry McKay conveyed their undivided one-third interest in said lands to John V. McKay; that Andrew J. Berryhill left surviving him the following uncles and aunts: Martha Lee Kiefer, Stanford Berryhill, Columbus Berryhill, Theodore Berryhill, Mary. Kiefer, and Josie Morton; that subsequent to August 8, 1907, the plaintiff, D. A. McDougal, received a conveyance from each and all of said uncles and aunts named herein, conveying to him whatever interest they each had, if any, in and to said land; that the defendant Albert W. Shulthis is in possession of said land under a lease contract made by the defendants McKay conveying to him

the oil and mineral; and that he is operating and taking the oil from said land under said lease contract.

The plaintiff filed this suit in the district court of Tulsa county to recover the lands in question, claiming to be the owner of the fee-simple title, by virtue of his several conveyances received from the uncles and aunts of Andrew J. Berryhill, deceased, and for an accounting for the value of the oil and gas taken therefrom, for the appointment of a receiver and to have his title to the lands quieted, subject to the life estate alleged to be owned by the McKays.

The principal question raised in this appeal is as to whether the title to the lands involved is an ancestral estate, or a new acquisition. The plaintiff contends that under the laws of Arkansas, which were in force in the Indian Territory and made applicable to the Creek Nation by virtue of an act of Congress, the lands involved were a new acquisition, and hence the father of Andrew J. Berryhill, deceased, took only a life estate. On the other hand, the defendants contend that under the decision by the United States Circuit Court of Appeals for the Eighth Circuit in the case of *Shulthis v. McDougal,* 170 Fed. 529, 95 C. C. A. 615, and upon the authority of the decision of this court in *Pigeon v. Buck,* 38 Okla. 101, 131 Pac. 1083, the title to the lands of a Creek citizen who died intestate, unmarried, and without issue, ascended in fee simple to the parent or parents who were of the tribal blood of the intestate, and that in the present instance the lands involved, which were a part of the allotment of Andrew J. Berryhill, deceased, passed to his father.

This court, in the case of *Pigeon et al. v. Buck et al., supra,* following the rule laid down by the Circuit Court of Appeals, said:

"That the land in question was not a new acquisition, and pursuant to these sections, when construed together, passed to John Pigeon and Mate Pigeon, the father and mother of the deceased, is no longer an open question in this jurisdicton, having in effect been decided by the Circuit Court of Appeals for the Eighth Circuit in *Shulthis v. McDougal,* 170 Fed. 529, 95 C. C. A. 615. There Andrew J. Berryhill, son of George Franklin Berryhill, a member of the Creek Nation of mixed-blood, and Clementine Berryhill, his wife, a noncitizen of that tribe, died

seised of an allotment. In determining who took the estate, the court construed these two sections together and held the person to be George Franklin Berryhill, the father of the deceased."

And in concluding the opinion the court further said:

"We hold that John Pigeon and Mate Pigeon, his wife, are the persons to whom, on the death of the allottee, this estate passed in equal moieties, and that plaintiffs in error, plaintiffs below, have no interest therein."

It cannot be questioned that the decisions of the federal court construing the acts of Congress relating to the allotment, alienation, etc., of lands belonging to the members of the Five Civilized Tribes are conclusive upon the state courts. The decision of the Circuit Court of Appeals in the case of *Shulthis v. McDougal, supra,* in the absence of an expression from the Supreme Court of the United States, should be followed by this court on all questions involving the construction of the federal statutes and allotment acts relating to the members of the Five Civilized Tribes. The question raised here by this appeal was directly involved in the case of *Shulthis v. McDougal, supra,* and directly adjudicated by the Circuit Court of Appeals, and that decision has been adhered to by this court in the case of *Pigeon et al. v. Buck, supra;* and, whatever may be our individual views as to the soundness of these decisions, we are not at liberty to disregard them, but feel constrained to follow the rule laid down therein.

It is further contended by plaintiff that the trial court erred in excluding certain testimony of lawyers, tending to show that the rule laid down in the case of *Shulthis v. McDougal, supra,* was not followed, either by the legal profession or generally by the trial courts. The purpose of tendering this evidence was to show that the rule announced by the Circuit Court of Appeals in the case of *Shulthis v. McDougal, supra,* had not become a rule of property in this state. Objection was made to the introduction of this evidence, upon the ground that it was incompetent and immaterial; which objection was by the court sustained. We are now called upon to hold that this ruling of the court was error. Generally, a question of this nature is one of law for the court,

and not of fact; and the courts will usually take judicial knowledge as to whether or not a rule announced by the court is of such character, general standing, and application as to become a rule · of property. The decision in the case of *Shulthis v. McDougal, supra,* was rendered by the Circuit Court of Appeals in 1899 and became final and has been in force in this jurisdiction for several years; and, about a year before the present case was tried, this court had followed the rule laid down by the Circuit Court of Appeals in the case referred to, and held that the rule announced had become a rule of property. Owing to the fact that the decision of the Circuit Court of Appeals, in the absence of a final decision by the Supreme Court of the United States, is controlling in this state, when applied to the allotment and alienation of lands of the Five Civilized Tribes, and the further fact that this court in an opinion.which has been in force over a year has followed the rule laid down by the Circuit Court of Appeals, and has held the same to be a rule of property, we are of the opinion that the court committed no error in excluding this evidence.

Discussing this question, volume 11, p. 755, Cyc., states the rule to be:

"Where judicial decisions may fairly be presumed to have entered into the business transactions of a country and have been acted upon as a rule of contracts and property, it is the duty of the court, on the principle of *stare decisis,* to adhere to such decisions without regard to how it might be inclined to decide if the question were new. And this rule obtains, although the court may be of the belief that such decisions are founded upon an erroneous principle and are not sound, for when parties have acted upon such decisions as settled law and rights have been vested thereunder, their inherent correctness or incorrectness in the abstract are of less importance than that the rule of property so established should be constant and invariable."

Mr. Justice Greer, speaking for the Supreme Court of the United States, in the case of *Minnesota Co. v. National Co.,* 3 Wall. 332, 18 L. Ed. 42, stated:

"Where questions arise which affect titles to land, it is of great importance to the public that when they are once decided they should no longer be considered open. Such decisions become rules of property, and many titles may be injuriously af-

fected by their change. Legislatures may alter or change their laws, without injury, as they affect the future only; but, where courts vacillate and overrule their own decisions on the construction of statutes affecting the title to real property, their decisions are retrospective and may affect titles purchased on the faith of their stability. Doubtful questions on subjects of this nature, when once decided, should be considered no longer doubtful or subject to change. Parties should not be encouraged to speculate on a change of the law when the administrators of it are changed. Courts ought not to be compelled to bear the infliction of repeated arguments by obstinate litigants, challenging the justice of their well-considered and solemn judgments."

The basis upon which the rule rests is not so much the actual condition existing as a matter of fact; but, when a decision of the highest court in any jurisdiction has settled a question of this nature which may affect titles to property, it is conclusively presumed that parties have relied upon such decision as being the law when purchasing and selling property. While we are aware of the fact that a large per cent. of the lawyers in the eastern side of this state were of the opinion that the titles to land similar to the title in question were a new acquisition, yet it may be conceded that the statute was subject to the construction placed thereon by the Circuit Court of Appeals, and that no great principle of law was disregarded in establishing the rule laid down by that court. While prior to the decision of this court in *Pigeon et al. v. Buck et al., supra,* following the rule laid down by the Circuit Court of Appeals, the lawyers and the courts generally may not have followed the decision of the Circuit Court of Appeals implicitly, yet, if only a very small per cent. of the people investing money in lands of this character did so upon the strength of the rule announced by that court and as followed by this court, their titles should not be disturbed by a decision at this time holding that the land in question was a new acquisition. Such decision might disturb vested rights and bring into question many titles, which should be avoided, if possible.

We are therefore of the opinion that the court did not err in rejecting the evidence offered, and we still adhere to the rule laid down by this court in the case of *Pigeon et al. v. Buck et al.:*

*supra,* following the decision of the Circuit Court of Appeals, and we reiterate that the same has become a rule of property in this jurisdiction.

Finding no prejudicial error in the proceedings and judgment of the trial court, the same is affirmed.

All the Justices concur.