## LOVETT v. JETER *et al.*

No. 3846. Opinion Filed December 22, 1914.

(145 Pac. 334.)

1. **INDIANS—Allotment—Descent.** Upon the death, on August 27, 1907, of a one-sixteenth blood enrolled member of the Choctaw Tribe of Indians, without having had issue, but survived by both her parents and by brothers and sisters, her homestead and surplus lands, theretofore allotted to her in what is now Choctaw county, Okla., passed, with fee-simple title and as if by inheritance, to her parent or parents of the same tribal blood, and her brothers and sisters took no interest in the same, under sections 2522 and 2531 of Mansfield's Digest of the Statutes of Arkansas, then in force in the Indian Territory.

2. **APPEAL AND ERROR—Ground for Reversal—Cancellation of Deed.** A judgment canceling a petitioner's deeds to lands and predicated upon the erroneous assumption that he had some right, title, or interest in or to such lands, in which he never had any, will be reversed.

(Syllabus by Thacker, C.)

*Error from District Court, Choctaw County;*

*A. H. Ferguson, Judge.*

Action by W. W. Jeter and others against George A. Lovett to cancel deeds. Judgment for plaintiffs, and defendant brings error. Reversed.

*J. L. Dickson* and *Cocke & Willis,* for plaintiff in error.

*A. M. Works,* for defendants in error.

Opinion by THACKER, C.   Plaintiff in error will be designated as "defendant" and defendants in error as "plaintiffs," in accord with their respective titles in the trial court.

The defendant's. wife, Mrs. Gertrude Lovett, a one-sixteenth blood Choctaw Indian duly enrolled as a member of that tribe and free from restrictions upon her right to convey her surplus lands by virtue of an order of the Secretary of the Interior, died, without having had issue, on August 27, 1907, seised and possessed of the following described homestead and surplus lands allotted to her in what is now Choctaw county, Okla., to wit: S. ½ of S. W. ¼ and N. W. ¼ of section 3, S. E. ¼ of N. E. ¼ of N. E. ¼ of section 4, township 6 S., range 16 E., and W. ½ of S. W. ¼ of section 3, township 8 S., range 19 E. (less five acres cut off by Red river).   Mrs. Lovett left, surviving her, her father and mother, J. B. and Sarah Jeter (one of the plaintiffs), and a minor, without guardian, J. T. Jeter, Hattie Larecy and Mary Jeter, who, on September 17, 1907, joined in a warranty deed purporting to convey this land to the defendant in consideration of $5 paid each such maker and apparently to give effect to the wishes of Mrs. Lovett.   On April 11, 1908, the plaintiffs,. having married, and statehood having come in the meantime, made another deed of the same lands to the defendant without any new consideration therefor; and on July 28, 1908, all the makers of the first deed united in still another deed of the same lands upon the original consideration; the later deeds having been intended to confirm and make more certainly effective the first one.   The plaintiff W. W. Jeter was between the ages of eighteen and twenty-one when each of these three deeds was executed, and was a single man when he executed the first one, but was a married man and joined by his wife, his coplaintiff here, when he made the other two deeds.   The petition admits that the plaintiff Moina Jeter has never owned any interest in these lands.

This action was brought to cancel the plaintiffs' said deeds and to establish a fee-simple title in and to an undivided one-

fourth of said lands in the plaintiff W. W. Jeter, upon the erroneous ·assumption that at the death of Mrs. Lovett the fee-simple title to all these lands passed to her four brothers and sisters subject only to a life estate in her father and mother, and upon the further assumption that, notwithstanding the fact that the plaintiff W. W. Jeter was married when the last two deeds were executed and the Indian Territory had been admitted to statehood, he was incapable by reason of his minority and the federal laws in this regard to so make such deeds. The plaintiffs brought into court and offered to return the said $5 received as consideration for the deeds. Judgment was for plaintiffs in the trial court.

In the case of *Shulthis v. McDougal et al.* and *Merryhill v. Shulthis et al.,* 170 Fed. 529, 95 C. C. A. 615, it is held that, under subdivision 2 of section 2522 and section 2531 of Mansfield's Digest of the Statutes of Arkansas, in force in the Indian Territory prior to statehood, and at the time in question, upon the death of the allottee, such property passes in such cases, as if by inheritance, to the father or mother or both, being blood members of the tribe, and that the collateral kin take no interest in the same. Also, see *Pigeon et al. v. Buck et al.,* 38 Okla. 101, 131 Pac. 1083, and cases therein cited.

It thus appears that neither of the plaintiffs ever had any right, title, or interest in or to any of these lands which their deeds could in any way affect; and, the judgment in their favor being predicated and dependent upon the finding that the plaintiff W. W. Jeter had such interest, this case should be reversed.

This view renders it unnecessary to examine the proposition in respect to W. W. Jeter's assumed incapacity to convey, upon which the judgment of the trial court was in part ·predicated.

By the Court: It is so ordered.