## PIGEON *v.* BUCK.

## ROBERTS *v.* UNDERWOOD.

ERROR TO THE SUPREME COURT OF THE STATE OF OKLAHOMA.

No. 199. Argued March 12, 15, 1915.—Decided April 26, 1915. No. 275. Submitted March 15, 1915.—Decided April 26, 1915.

*McDougal* v. *McKay, ante,* p. 372, followed to the effect that an allotment made to a full blooded Creek Indian is, for purposes of descent and distribution, to be considered, not as a new acquisition, but as an ancestral estate and passes as such under chapter 49 of Mansfield's Digest of the Laws of Arkansas.

The same ruling also applies to an allotment of a full blooded Chickasaw Indian.

38 Oklahoma, 37 and 101, affirmed.

THE facts, which are similar to those involved in the preceding case, are stated in the opinion.

*Mr Lewis C. Lawson* for plaintiff in error in No. 199, submitted.

*Mr. H. H. Rogers,* with whom *Mr. J. L. Skinner* and *Mr. Geo. C. Crump* were on the brief, for defendant in error in No. 199.

*Mr. H. A. Ledbetter, Mr. Winfield S. Farmer* and *Mr. Gordon Fryer* for plaintiff in error in No. 275.

*Mr. James R. Wood, Mr. George A. Fooshee* and *Mr. D. D. Brunson* for defendant in error in No. 275.

MR. JUSTICE MCREYNOLDS delivered the opinion of the court.

The opinion in *McDougal* v. *McKay*, announced today, *ante*, p. 372, considers and decides the questions involved in these writs of error and necessitates affirmation of the judgments of the Supreme Court of Oklahoma in both causes.

In No. 199, *Pigeon* v. *Buck*, all parties were enrolled full-blooded Creek Indians. The allottee, Lowiney Harjo, having received a patent to certain land, died July 12, 1905, intestate, without descendants, leaving father, mother, brothers, sister and her husband. Thereafter the father and mother—John and Mate Pigeon—claiming the land must be treated as an ancestral estate which passed to them in fee, conveyed their interest therein to Buck. The brothers and sister, maintaining that it was a new acquisition in the deceased and the father and mother took only a life estate with remainder in themselves, instituted suit to have their rights declared. The Supreme Court of Oklahoma (38 Oklahoma, 101) held the estate was ancestral and went half to the father and half to the mother according to the applicable provisions of chapter 49, Mansfield's Digest, Statutes of Arkansas.

In No. 275, *Roberts* v. *Underwood*, the land in question was allotted and patented to a full-blooded Chickasaw Indian who thereafter and in 1907 died intestate, leaving no descendants. A contest arose between his paternal relatives, Underwood and Byrd, and a maternal relative, Roberts, concerning their respective interests in the property. Under the Act of April 28, 1904, § 2, c. 1824, 33 Stat. 573, the devolution depended upon chapter 49, Mansfield's Digest, Statutes of Arkansas. The Supreme Court of Oklahoma (38 Oklahoma, 376) adjudged the estate must be treated as ancestral and that half passed to the paternal relatives and half to the maternal one.

*Affirmed.*