H. T. GREEN, *Administrator, &c.*, v. WM. H. GOBLE.

| 7 | 297 |
| 58 | 765 |
| 7 | 297 |
| 71 | 416 |

1. STATUTE OF LIMITATIONS—*Death of Creditor.* The death of a creditor does not suspend the running of the statute of limitations against his claim when the statute has once begun to run.

2. ———— *Acknowledgment, to be in writing, and signed by party.* The acknowledgment of a debt required to take a claim out of the statute of limitations must be in writing, and signed by the party to be charged thereby.

3. ———— *Writing not delivered, no acknowledgment.* A new note and mortgage prepared in pursuance of a previous arrangement, the note bearing a less rate of interest, and the mortgage on a different piece of land, and not received or accepted, cannot be used as evidence of the original debt.

*Error from Leavenworth District Court.*

ACTION to foreclose a mortgage, commenced by *Green*, as administrator of Wm. B. Simmons, deceased, against *Wm. H. Goble*, and others. The mortgage was signed

by *Goble and wife* to secure a note executed by *Wm. H. Goble*, payable to said Simmons. Defendants pleaded the statute of limitations as a defense. The facts respecting date of papers, payments, death of Simmons, appointment of administrator, etc., are stated in the opinion of the court; also, the facts claimed to constitute such an " acknowledgment in writing " as took the case out of the operation of the statute. The district court decided that the action was barred, and gave judgment in favor of the defendants. The plaintiff alleges that such judgment is erroneous, and brings the case here for review.

*R. C. Foster*, for plaintiff in error:

1. The note became due Dec. 24th, 1861; payments were made Sept. 26, 1864, and July 3, 1865. Simmons died on the 10th of February, 1867, and Green was appointed administrator of his estate on the 18th of June, 1868. This action was instituted on the 17th of March, 1869.

The plaintiff claims that the note was not *in any event* barred by the statute, for the reason that the death of *the creditor* suspended the running of the statute, and deducting the time intervening between the date of the death and the appointment of the administrator, and the time had not elapsed within which the action must have been instituted; that there must be a person *in esse* capable of suing.

That Simmons' death suspended the running of the statute until an administrator was appointed, see 3 Kan., 399; Angell on Lim., p. 54, §§ 62, 63; 8 Am. Law Reg. 504; 11 Met., 445; 7 Eng., 632; 1 Stewart, (Ala.,) 254; 10 Gill & John., 346; 3 Yerg., 318; 19 Wis., 200; Williams on Ex'rs, 1706; Tidd, 28; 2 Sm. & Mar., (Miss.,) 452; 1 Iredell, 66.

2. But if the statute had otherwise barred the action, it was taken from its operation—first, by the letter written by Wm. F. Goble, the son of Wm. H. Goble, the principal debtor, the evidence showing that William H. Goble, the father, did not and would not transact any business in relation to the matter except by and through his son, and that the father could scarcely write or read writing, and would not trust himself to do anything without the presence of his son. Second, the new note and mortgage, dated March 9th, 1867, proved to have been duly signed, (though the name was subsequently torn off,) when proved to have been done with express reference to the debt sued on and in pursuance of an agreement to *renew*, was such an acknowledgment of an existing liability as to remove the bar of the statute.

As to what is a sufficient acknowledgment, see—13 Wend., 267; 9 Shep., 100; 8 Conn., 179; 6 Gill, 82; 2 Metc., 168.

And that such acknowledgment need not have been delivered, see—7 Wend., 441; 32 Me., 260.

*J. C. Douglass*, for defendants in error:

1. The statute began to run against this cause of action on the 3d of July, 1865, the date of the last payment on the note, and continued to run notwithstanding the death of Simmons. *Zane v. Zane*, 5 Kas., 134; *Chick v. Willets*, 2 Kas., 384, 392; civil code of 1862, §§ 15, 20, 26, 28, 31, 42, 46; code of 1868, §§ 14, 25; 4 Md., 366, 372; 7 Harr. & John., 14.

2. There was no new promise made so as to bring the case within any saving clause of the statute. Such a promise must be in writing, signed by the *party to be charged thereby*, and to be binding must have all the elements of a contract; must have been *delivered*; must not

have been by way of compromise, unless executed; and the new promise must be complete in its written terms and execution, and cannot be varied by parol. 25 N. Y., 153; 18 N. Y., 566; 2 Phil. on Ev., 267; 1 Greenl. on Ev., §§ 275, 276, 281, 286.

The opinion of the court was delivered by

KINGMAN, C. J.: This is an action on a note and mortgage, given by William H. Goble and Lida M. Goble on the 15th of April, 1861, to William B. Simmons for $625.57. The note bore interest at twenty per cent. per annum, to be compounded annually. On the 26th of September, 1864, $550 were paid on the note, and on the 3d of July, 1865, $260 were paid thereon, and this was the last payment. This action was commenced by the administrator of William B. Simmons on the 17th day of March, 1869. It is admitted that Simmons died on the 10th day of February, 1867, and that plaintiff in error was appointed administrator on the 18th of June, 1868. The defense relied on is the statute of limitations.

Between the last payment on the note and the time of bringing the suit more than three years had elapsed, and as the statutes then were the claim was barred, unless taken out of the operation of the statute by some legal cause. The plaintiff in error claims that the cause of action was not barred because the death of the creditor suspended the running of the statute; and deducting the time intervening between the death of the creditor and the appointment of the administrator, and three years had not elapsed after the last payment and before the commencement of the action. If the running of the statute was not suspended, then it is claimed that there was a subsequent acknowledgment of the debt, in writ-

ing, within three years before this action was commenced. Does the death of *a creditor* suspend the running of the statute? As a general rule, when a statute begins to run, it continues to run until the demand is barred. This principle is laid down with great uniformity in all the authorities, and may be considered as settled. Undoubtedly the legislature may prescribe differently, and in this state several exceptions are made, but none such as is claimed in this case. This is of itself a strong reason against the rule as claimed by plaintiff in error, and being wholly unsupported by the authorities it cannot be allowed to prevail in this case.

1. Statute of limitation, not suspended by death of creditor.

II. It is claimed that there was a subsequent acknowledgment of the debt in writing which takes it out of the statute. William *H.* Goble owed the debt. His son Wm. *F.* Goble had bought of his father sixty acres of the land mortgaged to pay the debt, and was interested in having it paid off, and his land released from the mortgage. He was also active as agent in arranging this business for his father, and was so recognized by his father. On the 27th of December, 1867, William *F.* Goble wrote a letter to John B. Simmons in Indiana, a brother of the deceased, which was a full acknowledgment that William *H.* Goble owed the money; but it nowhere appears that the letter was written by the request or by the authority of William *H.* Goble, nor is it in anywise important; it was not "signed by the party" to be charged with the debt, as the statute requires, and therefore was not such an acknowledgment as is required to take the case out of the statute.

2. Admission to take case out of statute, must be in writing, signed by the debtor.

III. In March, 1867, William H. Goble and wife prepared a new note and mortgage to Simmons and took them to Mr. Green. They were so prepared and pre-

---

Green v. Goble.

3. A writing, neither delivered nor accepted, no acknowledgment. sented in pursuance of a previous arrangement between Simmons and William H. Goble. The note and mortgage now sued on were to be delivered up and the newly prepared papers take their place. But the arrangement was not consummated. Mr. Green refused to receive the new note and mortgage, and defendant took them back and tore his name off the note. The new note bore a less rate of interest, and the mortgage covered a different piece of land. Do these facts constitute such an acknowledgment of the debt as takes the case out of the statute? No such purpose was contemplated by the parties. The papers amounted to nothing. They were (if anything) a conditional promise and the plaintiff cannot avail himself of the benefit of it without complying with the conditions. He does not seek to do so. He rests his demand on the original note with its high rate of interest, and the security offered by the original mortgage. He cannot use the papers prepared as a substitue for them to lift his case out of the statute of limitations. *Smith v. Eastman*, 3 Cush. 355; *Sumner v. Sumner's Ex'r*, 1 Metcalf, (Mass.,) 394. The judgment is affirmed.

All the Justices concurring.