## SKILLERN v. PEARCY.

No. 2329.   Opinion Filed November 26, 1912.

(128 Pac. 239.)

**LIMITATION OF ACTIONS—Operation of Statute—Acknowledgment or New Promise—Evidence.** Evidence examined, and held insufficient to show such an "acknowledgment of an existing liability" or new promise in writing to pay same as will remove the bar of the statute of limitations.

(Syllabus by Brewer, C.)

*Error from Johnston County Court;*
*Nick Wolf, Judge.*

Action by S. H. Pearcy against F. W. Skillern. Judgment for plaintiff, and defendant brings error. Reversed.

*Garrett & Bingham* and *Young & Stobaugh,* for plaintiff in error.

*Newman & Lawrence,* for defendant in error.

Opinion by BREWER, C. This suit was tried in a justice of the peace court and resulted in a judgment for plaintiff in the sum of $31.16. Upon appeal to the county court of Johnston county, plaintiff again obtained judgment for said amount, from which judgment this appeal is prosecuted.

The bill of particulars alleges, in substance, that plaintiff, S. H. Pearcy, became surety on a promissory note for defendant, F. W. Skillern, on June 12, 1903, and paid the said note and interest on November 21, 1903. The answer, among other things, set up the statute of limitations. The reply admitted the force of the plea of limitation, and alleged a promise in writing acknowledging the indebtedness, and a promise to pay the same, as removing the statute bar. At the close of all the testimony the defendant requested the court to instruct the jury to return a verdict in his favor, which request was refused and exceptions saved.

It is urged here that there was a total failure of proof on the question as to the acknowledgment in writing and promise to pay, relied upon as relieving the plaintiff from the effect of the statute. It is conceded by both parties that the cause of action was barred, unless the evidence showed that it had been revived.

Section 5556, Comp. Laws 1909, provides:

"In any case founded on contract when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby."

The only evidence in this case, upon the point involved, may be summarized as follows:   A Mr. Givens, who it seems was an attorney at law at Dayton, Tenn., the place where all the parties lived when the note was given, testified in a deposition as follows:

"I received a letter from Dr. F. W. Skillern in relation to the matter, but did not preserve the letter and cannot now file it; the letter as I now remember it set out the fact as to the bank note, complained that he (Skillern) was being pressed to pay it, and requested me to see S. H. Pearcy and try to prevail on him and extend the time of its payment.   In response to his request I did see Pearcy, read the letter to him, and he agreed to instruct his attorney to extend the time and not press for immediate payment."

It will be observed that the witness makes no statement as to when he received the letter mentioned, whether it was shortly after the note had been paid by plaintiff in 1903, or whether it was within three years before the suit was finally filed on the claim in Oklahoma.   It is claimed, however, for the plaintiff, that his testimony shows the new promise to have been within the period of limitation, and this statement is relied upon as having that effect:

"He (Givens) did say to me in 1908 that he had a letter from Skillern, and that Skillern stated that he did not want the note sent out on him and that he would pay me the money that I had paid for him, as he did not want to be annoyed; that is, he did not want to be sued on it."

The only question to be determined here is:   Does the testimony of these two witnesses show a new promise to pay the debt in suit within three years before the filing of the bill of particulars on September 2, 1909, in a justice of the peace court?

This states all the evidence of the plaintiff to sustain his contention; and the point ought to be considered on plaintiff's evidence for the purpose of determining whether there was any proof justifying a submission of this question to the jury.   The defendant in his testimony denied writing a letter of any such import, or that he ever, in writing, or otherwise, acknowledged or agreed to pay the debt.   Assuming that the letter was properly shown to have been lost, and that the witness stated its contents

accurately, it is exceedingly doubtful if it shows an "acknowledgment of an existing liability," under the holding of this court in *Andrew v. Kennedy*, 4 Okla. 625, 46 Pac. 485, and a long line of decisions of the Supreme Court of Kansas, from which state this statute was borrowed. See *Green v. Goble*, 7 Kan. 297; *Hanson v. Towle*, 19 Kan. 273; *Elder v. Dyer*, 26 Kan. 604, 40 Am. Rep. 320.

But the evidence is clearly deficient, in that it nowhere shows that the alleged written acknowledgment of liability was itself made within the three years immediately preceding the filing of the suit. It is true that plaintiff says the witness in 1908 told him of such a letter, but this does not in any wise fix the date the letter was written. The whole case depended on this proof and a clear showing that the statute bar had been raised by a written acknowledgment within the terms of the statute. This point being pivotal, it must be assumed that the plaintiff produced not only the best, but all the proof he could on the point, and, this being clearly insufficient, the request for an instructed verdict in favor of defendant should have been granted. The case should be reversed.

By the Court: It is so ordered.