LIBBY v. STATE.

No. 3708.   Opinion Filed July 28, 1914.

(142 Pac. 406.)

1.  BASTARDS — Constitutional Law—Liability for Support—Date Fixing Responsibility.  In an action for the support of a bastard child, under section 4401, Rev. Laws 1910, it is the state of pregnancy or the birth of the child which fixes the responsibility of the putative father, and not the date of conception.

2.  SAME—Action for Support—Complaint—Sufficiency.  In an action under said section, a complaint which shows under oath that the affiant is the mother of a bastard child, that she is a resident of the county in which the complaint is made, and that the defendant is the father of such child, states facts sufficient to constitute a cause of action under such section.

3.    **SAME—Proof.**  An action brought under section 4401, Rev. Laws 1910, is in the nature of a civil action, and all that is required of the plaintiff is to prove the case by a fair preponderance of the evidence.

(Syllabus by Harrison, C.)

### Error from County Court, Craig County; Theo D. B. Frear, Judge.

Action by the State of Oklahoma against J. W. Libby for the support of a bastard child whose mother was Anna May Kiser. Judgment for plaintiff, and defendant brings error. Affirmed.

*W. H. Kornegay*, for plaintiff in error.

Opinion by HARRISON, C.   This action was begun upon the complaint and affidavit of Anna May Kiser of Craig county against J. W. Libby for the support of her bastard child of whom she alleged J. W. Libby was the father. The cause was tried and judgment rendered against J. W. Libby requiring him to pay the sum of $75 into court and the sum of $5 per month thereafter until such child arrived at the age of twelve years, unless further ordered by the court, and from such judgment, and the orders overruling motion in arrest of judgment and motion for new trial, defendant appealed to this court.

This cause was first filed in the Criminal Court of Appeals and the question is raised as to the jurisdiction of that court to decide the questions involved. But such contentions are answered by the fact that it has been transferred from the Criminal Court of Appeals to this court for determination.

The first assignment of error presented and argued is that the lower court erred in overruling defendant's demurrer to the complaint. One of the questions presented in this proposition is that prior to statehood there was no bastardy statute in force in the Indian Territory; that, the child having been born April 14, 1908, conception must have taken place prior to statehood and at a time when there was no bastardy statute in force in the Indian Territory, and that therefore this statute, as to that offense, is *ex post facto*. But that is neither the object nor the effect of

the statute. Section 4401, Rev. Laws 1910, which is the same as section 2997 of the territorial statute, reads as follows:

"Whenever any woman residing in any county of this state is delivered of a bastard child, or is pregnant with a child which if born alive will be a bastard, complaint may be made in writing duly verified, by any person to the county court of the county where such woman resides, stating that fact and charging the proper person with being the father thereof. The proceeding shall be entitled in the name of the state against the accused as defendant."

It will be observed that the state of pregnancy or birth of the child is the fact which fixes the responsibility for support upon the father, and not the date of conception. Hence the statute is in no sense *ex post facto.*

The next material question argued is that the complaint neither states facts sufficient to constitute a cause of action nor sufficient to give the court jurisdiction of the subject-matter. With this contention we cannot agree. The complaint reads in words and figures as follows:

"In the County Court of Craig County, Oklahoma.

"State of Oklahoma, Plaintiff, v. J. W. Libby, Defendant.

"Affidavit.

"Personally appearing before me, Theo D. B. Frear, county judge of the county of Craig and state of Oklahoma, on this the 4th day of May, A. D. 1908, and first being duly sworn on her oath, one Anna May Kiser states and avers that on the 14th day of April, A. D. 1908, she was delivered of a male bastard child and that the said child is likely to be chargeable to the county of Craig for its support, and that one J. W. Libby had gotten her with child of the said bastard child and is the father of said child.

"And affiant further says that she is a resident of the county of Craig, state of Oklahoma.

"[Signed] ANNA MAY KISER.

"Subscribed and sworn to before me this the 4th day of May, A. D. 1908.

"THEO. D. B. FREAR, County Judge."

This affidavit discloses that she is a resident of Craig county, that she is the mother of the bastard child, and that J. W. Libby is the father of such child; and the affidavit is sworn to. This

is all that is required to give the court jurisdiction of the subject-matter, and, though the complaint might have been made fuller and more explicit, yet it avers all the essential facts necessary to constitute a complaint under this statute, and we think the demurrer was properly overruled.

The third assignment argued is that the court charged the jury that the guilt of defendant could be established by a mere preponderance of the evidence. It is argued:

"That the consequences of a conviction are such as usually follow the conviction for a crime, and therefore that the rule of reasonable doubt should have applied."

This contention cannot be sustained. In *Bell v. Territory,* 8 Okla. 75, 56 Pac. 853, *In re Comstock,* 10 Okla. 299, 61 Pac. 921, and *Anderson v. State, ante,* 140 Pac. 1142, this character of cases is held to be in the nature of a civil proceeding. Hence a fair preponderance is all that is necessary. But if this were not the law, and if it were the law that the complainant should maintain her case by proof that defendant was the father of her child beyond a reasonable doubt, the evidence in this case is sufficient; if the law had required the jury to find the defendant guilty beyond a reasonable doubt, and they had so found under this record, and the issue had been fairly submitted to the jury, we would not disturb the verdict. Complaint, however, is made that the court erred in giving certain instructions and in refusing to give certain instructions. However, we have examined the instructions set out in plaintiff in error's brief and in the bill of exceptions, and find no material error either in giving the instructions given by the court or in refusing those offered by defendant.

We think upon the whole that the judgment should be affirmed.

By the Court: It is so ordered.