## FROAGE et al. v. WEBB.

No. 8000—Opinion Filed May 15, 1917.

(165 Pac. 150.)

### 1. Limitation of Actions—Demurrer—Bar of Limitations.

The first paragraph of the syllabus in Fox v. Ziehme et al., 30 Okla. 673, 120 Pac. 285, adopted herein.

### 2. Limitation of Actions—Pleading—Demurrer to Evidence—Question for Jury.

In an action for damages for breach of an oral contract, where it appears from the face of the petition that the cause of action accrued more than three years prior to the day of commencing the action, and it is not alleged in the petition or established by the testimony that there was "an acknowledgment of an existing liability," in writing, "signed by the parties to be charged," within the three-year statutory period of limitation, held (1) that it was error to overrule the demurrer to the petition; (2) to overrule the demurrer to the evidence; and (3) that the question of whether the action was barred was a question of law for the court, and not a question of fact for the jury.

(Syllabus by Galbraith, C.)

Error from County Court, Ellis County; S. A. Miller, Judge.

Action by Harry W. Webb against Harry Froage and Carl Meyers. There was judgment for the plaintiff, and the defendants bring error. Reversed.

C. B. Leedy, for plaintiffs in error.

Frank B. Grant, for defendant in error.

Opinion by GALBRAITH, C. The controlling question presented upon this appeal is whether or not the cause of action sued upon was barred by the statute of limitations at the time of the commencement of the action. The question was raised, first, by demurrer to the petition; second, by answer, and, third, by demurrer to the evidence, and as often as raised was denied by the court, and finally submitted to the jury for decision. The action was based upon a claim for damages, charged to have arisen from the breach of an oral contract. It is charged in the petition that on May 1, 1909, Webb entered into an oral agreement with Froage and Meyers by which they undertook to "put down a good and sufficient well" upon his land, and also agreed "to furnish the casing and all other things necessary to make it a good and sufficient well," and that Webb agreed to pay them 80 cents per foot when the well was

finally completed; that they entered upon the performance of this contract, and sunk a well 257 feet, and equipped it with casing and pump, and represented that it was completed according to contract. It is further charged:

"That this plaintiff paid to these defendants the sum of $205.60 upon the completion of said purported well, and afterwards notified these defendants that they must complete said purported well, and make it a well, as they agreed to do, and these defendants agreed so to do, but utterly failed to fulfill the promises thus made, and after trying for a long time to induce these said defendants to furnish him a well, as they had agreed to do, this plaintiff was compelled to hire, in May, 1914, one Caufmann to complete said well, and to pay the further sum of $80 therefor."

It is further charged that, by failure of the defendants to perform their contract, Webb was forced to complete the well, and in so doing incurred an expense in the sum of $299.35, for which amount judgment was prayed. After the demurrer to the petition had been overruled, and in response to a motion to make more definite and certain, an amendment was filed, setting out that the well was completed on the 19th day of May, 1910, and was accepted and paid for by Webb on the 21st day of May, 1910. Webb testified that when he accepted the well on the 21st day of May, 1910, and paid for it, it was apparently satisfactory, and so continued for 30 days after that time, when it failed to furnish necessary water, and that he then notified the defendants of this fact, and requested that they complete the well and make it satisfactory, as they had agreed to do, and that they promised orally to do so, and repeatedly made such promises between that day and August, 1914, when he arranged with Caufmann to complete the well.

It thus appears from the face of the pleadings, as well as from the testimony, that his cause of action for breach of contract arose 30 days after the 21st day of May, 1910, when Webb discovered that the well had not been completed according to contract. This suit was not commenced until November 5, 1914, four years, four months, and 14 days after the time the cause of action accrued. Section 4657, Rev. Laws 1910, reads in part as follows:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: First. Within five years: An action

upon any contract, agreement or promise in writing. Second. Within three years: An action upon a contract, express or implied, not in writing; an action upon a liability created by statute, other than a forfeiture or penalty."

It appears, both from the allegations of the petition and the testimony of the plaintiff, that the cause of action was barred at the time the suit was commenced, unless something was done by the defendants that would toll the running of the statute. Nothing is alleged in the petition that would have this effect, and the only thing, in the testimony, relied upon to have this effect, is the repeated oral promises to complete the well.

At most, these oral promises would amount to an acknowledgment, by the defendants, of an existing liability under the contract. It is not alleged in the petition, nor is it claimed in the testimony, that these promises, or any one of them, were in writing and signed by the defendants, or either of them. Under section 4663, Rev. Laws 1910, "an acknowledgment" of an existing liability" on an obligation, in order to prevent the running of the statute of limitations, must be "in writing, signed by the party to be charged thereby."

In Fox v. Ziehme et al., 30 Okla. 673, 120 Pac. 285, the rule is announced in the first paragraph of the syllabus as follows:

"Where the petition shows on its face that the cause of action set out therein is barred by limitation, a demurrer urged specially on that ground should be sustained, and the overruling of which is error."

See, also, Skillern v. Pearcy, 36 Okla. 299, 128 Pac. 239.

It thus appears that the cause of action arose more than three years prior to the date of the filing of suit, and that there was no acknowledgment in writing of "an existing liability" by the defendants, within three years, so as to toll the statute, and that the action was barred. It was therefore error in the court to overrule the demurrer to the petition, as well as that to the evidence, and it was likewise error to submit the question of whether or not the cause of action was barred by the statute of limitations to the jury, inasmuch as that was not a question of fact for the jury, but was one of law for the court.

On account of these errors, the exceptions should be sustained, and judgment reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

By the Court: It is so ordered.