## POWELSON v. STATE.

No. 7970—Opinion Filed July 10, 1917.

Rehearing Denied Jan. 22, 1918.

(169 Pac. 1093 )

1. **Bastards—Motion for New Trial—Time for Filing.**

In a proceeding, under article 3 of chapter 55, Rev. Laws 1910 (sections 4401-4411), to determine the father of a bastard and to enforce support of the same, the time for filing motion for new trial runs from the return of the verdict, and not from the rendition of the judgment thereon.

2. **Bastards—Uncontradicted Testimony — Weight—Instruction Assuming Fact.**

Where, in the trial of a civil action, a material fact is testified to by one witness, and no witness testifies to the contrary, and such fact is not inherently improbable, either in itself or taken in connection with the circumstances, the jury is not at liberty to disregard such fact, and the court in its instructions may assume that such fact is established.

3. **Bastards—Support—Weight and Sufficiency of Evidence—Form of Action.**

An action instituted under section 4401, Rev. Laws 1910, is in the nature of a civil action, and the law only requires that the issues be supported by a preponderance of the evidence.

(Syllabus by Galbraith, C.)

Error from County Court, Kay County; J. L. Robertson, Judge.

Action by the State of Oklahoma against Kelly Powelson for the support of a bastard child. Judgment for plaintiff, and defendant brings error. Affirmed.

Herman S. Gurley, for plaintiff in error.

F. C. Duvall, Co. Atty., and J. E. Curran, for the State.

Opinion by GALBRAITH, C. This action was instituted upon the complaint of Irene Looper, and was prosecuted in the name of the state, under section 4401, Rev. Laws 1910, charging the plaintiff in error with being the father of her bastard child. There was a trial to the court and a jury, and a verdict of guilty returned, upon which the court rendered judgment, by which the defendant was ordered to pay to the clerk of the court, for the use and benefit of Irene

and her child, $100 within 30 days and thereafter $10 on the 1st of each and every month, for 7½ years, or until the total sum paid amounted to $1,000, or until such judgment should be changed or modified by the judge of that court, and for all costs. To review that judgment an appeal has been duly perfected.

A motion is here urged by the defendant in error to dismiss the appeal for the reason that no motion for new trial was filed after the judgment was rendered. It appears that the verdict was returned on July 21, 1915, and that the motion for new trial was filed on the following day; that the judgment was rendered by the court on July 31st thereafter. Under section 4408 of the statute the judgment was based upon the verdict, and the verdict was the result of the trial of the disputed issues of fact. The purpose of the motion for a new trial was to secure a retrial of these issues. Section 5033, Rev. Laws 1910, reads in part as follows:

"A new trial is a re-examination in the same court, of the issue of fact, after a verdict by a jury, the approval of the report of the referee, or a decision by the court."

Section 5035 provides that the application for a new trial, with certain exceptions set out in the statute. must be filed within three days after the verdict or decision was rendered, unless unavoidably prevented, etc.

There is an unbroken line of decisions of this court to the effect that the provisions of this section are mandatory. Joiner v. Goldsmith, 25 Okla. 840, 107 Pac. 733, and cases there cited. It therefore appears that the motion for new trial was filed within time, and that the motion to dismiss should be denied.

Errors are assigned in the denial of the motion for new trial and in overruling the application for continuance, and to certain instructions given by the court to the jury.

The application for a continuance, the overruling of which is assigned as error, was based upon the absence of material testimony. It was set out in the application that there were certain witnesses for whom subpoenas had been issued and delivered to the sheriff, and who, with one exception, had not been served for the reason that they were absent from the state, and that the defendant could not safely proceed to trial without them, and that, if a continuance were granted, their attendance could probably be secured at a subsequent term

of the court, setting out what each would testify if present. One of the absent witnesses who had been served with process, it appeared, was a resident of the county, and her absence was explained by the claim that she was "bedfast," and therefore unable to attend the trial. From the showing made it appeared that a subpoena had been issued for her four days before the cause was set for trial, and that service was made of it at 11 o'clock at night of the day preceding the trial. The sheriff testified that when he called at her house at 11 o'clock at night to serve the subpoena another woman opened the door, and that through the open door he saw the witness in bed, and that the woman who opened the door, and with whom he left a copy of the subpoena, told him that the witness was sick and unable to attend court. This was the extent of the showing made in support of the allegations that this witness was "bedfast" and unable to attend court.

This application for a continuance was addressed to the sound discretion of the trial court. Fire Ass'n of Philadelphia v. Farmers' Gin Co., 39 Okla. 162, 134 Pac. 443. We are frank to say that an examination of the record fails to convince us that this discretion was in any way abused by the denial of the continuance.

Again it is complained that the court invaded the province of the jury in instruction No. 13, wherein the jury was advised that the evidence "showed that the child was born on the 20th day of May, 1915." It appears from the record that the mother testified that this was the date of the birth of the child, and it does not appear that there was any testimony offered to contradict this testimony. It appears also that the mother testified further, that the child with her at the trial was the child that was born on that date.

The rule is stated in 14 Ency. of Ev. 121, as follows:

"While the fact that the jury are the sole judges of the credibility of the witnesses is universally recognized (and they are not bound by the mere swearing of witnesses), it is equally well established that they will not be allowed to capriciously disregard the unimpeached and uncontradicted testimony of the witnesses."

In Moore et al. v. Leigh-Head & Co., 48 Okla. 228, 149 Pac. 1129, the fifth paragraph of the syllabus announces the rule as follows:

"Where the evidence introduced by the plaintiffs makes out the plaintiffs' case, and

the defendant introduces no evidence to rebut it, the court should instruct a verdict for the plaintiff."

In Hamilton, etc., v. Blakeney, 65 Okla. 154, 165 Pac. 141, the seventh paragraph of the syllabus reads:

"Evidence being introduced sufficient to prove the case of plaintiff, such evidence being uncontradicted and unimpeached, and not inherently improbable, either in itself or taken in connection with the circumstances, the jury are not at liberty to disregard it, and, there being no evidence in behalf of defendant, in conflict therewith or presenting a defense, it is not error for the court to instruct a verdict for the plaintiff."

Inasmuch as there was evidence as to this particular date, and the same was not inherently improbable, either in itself or taken in connection with the circumstances, and there was no evidence to the contrary, it does not appear that the plaintiff in error was prejudiced by the court assuming in this instruction that this fact was established by the testimony.

This proceeding was a civil as distinguished from a criminal proceeding, and the facts at issue were only required to be established by a preponderance of the evidence. Libbey v. State, 42 Okla. 603, 142 Pac. 406.

Complaint is made of other instructions given, but a careful examination of these fails to disclose any prejudicial error therein. It appears therefrom that the court attempted with painstaking care to cover the law involved in the issues being tried, and we are impressed from a consideration of the entire record that an earnest effort was made to give plaintiff in error a fair trial, and are convinced that this was done.

The judgment appealed from is therefore affirmed.

By the Court: It is so ordered.