## DIXON v. STATE.

No. 10951—Opinion Filed Feb. 6, 1923.

(Syllabus.)

**1. Bastards—Jurisdiction—County Court.**

Section 1816, Revised Laws 1910, section 8059, Comp. Stats. 1921, is not in violation of section 12, article 7, of the Constitution, and the county court has jurisdiction of a bastardy proceeding.

**2. Appeal and Error—Credibility of Witnesses—Question for Jury.**

The jurors are the sole judges of the weight and credibility of the various witnesses, and their decision of a question of fact will not be disturbed by this court unless it is shown that they are in error as to such decision of fact, and this error must be clearly pointed out.

**3. Bastards—Evidence.**

As against a prosecutrix in bastardy proceedings, no act of sexual intercourse with others than defendant may be shown by cross-examination or otherwise, unless within the period of gestation.

Error from County Court, Rogers County; Edward Jordan, Judge.

Bastardy proceedings by the State against Newton Dixon. Judgment against defendant for $650 and costs, from which judgment defendant appeals. Affirmed.

Kornegay & Probasco, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for defendant in error.

COCHRAN, J. This is a bastardy proceeding instituted under section 1816, Revised Laws 1910. The plaintiff, hereinafter referred to as defendant, was tried before a jury in the county court and found guilty and was ordered to pay to the prosecutrix the sum of $650 and costs, $200 to be paid immediately, and the balance in installments of $15 per month. From this judgment the defendant has appealed.

It is contended that the county court was without jurisdiction to hear and determine the case; that section 1816, Revised Laws 1910, conferring jurisdiction on the county court to try and determine bastardy cases, was in violation of the Constitution of the State of Oklahoma for the reason that under the provisions of the Constitution the county court is limited in jurisdiction of civil actions involving amounts not exceeding $1,000 and, no limit having been fixed on the amount of the recovery by the provisions of section 1816, the trial judge might render judgment in excess of $1,000. This question has been determined adversely to the contention of the defendant in Cummins v. State 46 Okla. 51, 148 Pac. 137; Cooper v. State, 36 Okla. 189, 131 Pac. 162; and Wilson v. State, 73 Oklahoma, 175 Pac. 830.

It is further insisted that the verdict of the jury is not supported by the evidence. The case was submitted to the jury with the proper instructions, and in this character of cases the law only requires a jury to find from the preponderance of the evidence against the defendant. Powelson v. State, 69 Oklahoma, 169 Pac. 1093. In a trial of a disputed question of fact, the jurors are the sole judges of the weight and credibility of the various witnesses and their decision of a question of fact will not be disturbed by this court unless it is shown that they are in error as to such decision of fact, and this error must be clearly pointed out. Silverwood v. Carpenter, 51 Okla. 745, 152 Pac. 381. We are of the opinion that there is ample evidence in the record to support the verdict.

Assignments of error 5 to 12 are made, alleging error in refusing to admit certain testimony. We have examined the record in connection with each of these assignments and find that the objections to the introduction of the testimony were properly sustained. It is earnestly argued that the court erred in refusing to admit testimony of various witnesses as to the acts

of sexual intercourse with other persons. In each instance it appears that the acts concerning which the testimony was offered were alleged to have occurred at a time not within the period of gestation. It has been held that such testimony is admissible when the acts of intercourse occurred at a time when in the course of nature the child could have been begotten at such time; but the evidence must be confined to that period and acts of intercourse at other times may not be shown. 7 C. J. 990. In re Girds (Cal.) 108 Pac. 499; Stahl v. State (Kan.) 74 Pac. 238; State v. Hammond (Utah) 148 Pac. 420; Holcomb v. People, 79 Ill. 409; Sang v. Beers (Neb.) 30 N. W. 258.

The judgment of the trial court is affirmed.

JOHNSON, V. C. J., and KANE, KENNAMER and NICHOLSON, JJ., concur.