Note—See under (1) 22 C. J. p. 49, §1792; 10 R. C. L. p. 1007; 2 R. C. L. Supp. p. 1134; 4 R. C. L. Supp. p. 685; 5 R. C. L. Supp. 581. (2) 4 C. J. pp. 853, 854, §2834; 38 Cyc. pp. 1516, 1518; 2 R. C. L. p. 194; 1 R. C. L. Supp 433; 4 R. C. L. Supp. p. 99: 5 R. C. L. Supp. p. 79; 6 R. C. L. Supp. p. 73. (3) 17 C. J. p. 1350. §235; anno. L. R. A. 1916C, 820; 8 R. C. L. p. 849; 2 R· C. L. Supp. 665; 5 R. C. L. Supp. p. 487; 6 R. C. L. Supp. p. 528.

## MOORE v. STATE.

No. 16988.    Opinion Filed June 28, 1927.

(Syllabus.)

**1. Bastards—Bastardy Proceeding — Appearance of Minor Defendant as Giving Jurisdiction to Appoint Guardian Ad Litem.**

A proceeding brought against the father of an illegitimate child, under article 3, ch. 70, C. O. S. 1921, is a special proceeding to be tried as civil action, but where an information is duly filed, warrant issued, bond given and defendant appears in court in response thereto, the court has jurisdiction to appoint a guardian ad litem to represent a minor defendant.

**2. Same—Acts of Intercourse by Mother After Birth of Child Inadmissible.**

Testimony of a witness offering to testify to acts of intercourse with the prosecuting witness after the birth of the child is not admissible.

**3. Same—Evidence Warranting Verdict of Guilty.**

A fair preponderance of the evidence was sufficient to authorize the jury to return a verdict of guilty, and this requirement was more than met in this case.

**4. Appeal and Error—Discretion of Trial Court—Amount of Award in Bastardy Proceeding.**

The amount to be charged against the defendant for maintenance of the child is within the sound discretion of the trial court, and this court will not disturb the order of the trial court in that respect, unless it appears such court has abused its discretion.

Commissioners' Opinion, Division No. 1.

Error from County Court, Muskogee County; Wm A. Kelley, Judge.

Action by the State against Brady Moore for the support of a bastard child. Judgment for plaintiff, and defendant brings error. Affirmed.

M. D. Hartsell, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for defendant in error.

REID, C. The motion for new trial, petition in error, and brief of the defendant present four questions:

It is urged that the court had no jurisdiction to proceed with the trial of this case and render judgment against the defendant

without his having been duly served with summons, and thereafter having a guardian ad litem appointed to defend him as required by the Code of Civil Procedure of this state. It is shown that a warrant of arrest had issued upon the information, that he had been arrested, and had given bond for his appearance before the court to answer such information. That when he appeared for arraignment he was represented by counsel of his own selection, and this counsel, together with the county attorney, suggested to the court that the defendant was a minor; thereupon, the court made an order appointing his counsel to act as guardian ad litem for him in this case. The defendant by his attorney and guardian ad litem, upon due arraignment, entered his plea of not guilty, and demanded a jury trial. In the case of Posey v. State, in an opinion of this court of April 26, 1927, 124 Okla. 278, 225 Pac. 697, this question had been decided adversely to defendant's contention. The filing of the information, issuance of warrant thereon, the arrest of the defendant, and his appearance in court, in response to the charge, was sufficient to give the court jurisdiction to appoint the guardian ad litem.

The defendant assigns as error the refusal of the trial court to permit him to introduce the evidence of a witness, that such witness had intercourse with the prosecuting witness after the birth of the child. This was not error. This court has held in Dixon v. State, 88 Okla. 172, 212 Pac. 600, that other acts of intercourse with the prosecuting witness are not admissible unless they are shown to be within the period of gestation from the birth of the child.

The testimony of the prosecuting witness was direct, positive, and reasonable, showing that the defendant was the father of her child. Other witnesses testified to her association with the defendant, and his testimony was almost an admission of guilt. A fair preponderance of the evidence, as required in a civil proceeding, is sufficient to sustain the verdict of guilty. Libby v. State, 42 Okla. 603, 142 Pac. 406; Powlson v. State, 69 Okla. 72, 169 Pac. 1093. The evidence in this case more than meets this requirement.

This defendant was shown at the time of the trial to be almost 21 years of age. He is not shown to have any bodily infirmities which would prevent him from earning the amount usually earned by able-bodied men of that age. The trial judge saw the defendant, heard him testify, and concluded that he ought to contribute the sum of $5 per week to sustain the child for whose ex-

istence he had been found responsible by a jury. Section 8067, C. O. S. 1921, provides that this order and judgment may be enlarged, diminished, or vacated at any time by the trial court on notice to the defendant and county attorney, and this court will not disturb the order and judgment of the trial court in this respect unless such court is shown to have abused its sound discretion. The record does not authorize this court to so find in this case.

It is our opinion that the judgment of the lower court should be, and it is hereby affirmed.

BENNETT, TEHEE, MONK, and LEACH, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 7 C. J. p. 966, §57; 996, §131 (Anno); anno 52 L. R. A. (N. S.) 799. (2) 7 C. J. p. 990, §118. (3) 7 C. J. p. 995, §128. (4) 7 C. J. p. 1001, §143; p. 1010, §170.