## JONES v. STATE.

No. 20519. Opinion Filed Sept. 29, 1931.

Rehearing Denied Oct. 27, 1931.

Martin & Martin, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for defendant in error.

LESTER, C. J. This cause was commenced by the filing of an affidavit in the county court of Washita county, Okla., by Alice Dobbs, as prosecuting witness, against Kermit Jones, as defendant, charging him with being the father of her bastard child. The action was brought in the name of the

state of Oklahoma, as provided by law. The parties will be referred to as they appeared in the court below.

The defendant assigns numerous specifications of error, only three of which are necessary to dispose of this appeal:

"That said court erred in overruling the motion to make complaint more definite and certain, to which the plaintiff in error duly excepted in open court at the said time.

"That the said court erred in overruling the demurrer of the plaintiff to the complaint filed therein, which was duly excepted to in open court at said time.

"That the judgment of the court and verdict of the said jury are contrary to law."

The cause was tried to a jury which returned a verdict of guilty, and the court thereupon rendered judgment against the defendant in the sum of $975, $100 to be paid on the 1st of March, 1929, and $25 per month thereafter payable on the first day of each month until full amount of said judgment was paid.

The complaint filed in this cause is as follows:

"Now, on this 3rd day of October, 1928, personally appeared before me, Alice Dobbs, a female person, who being first duly sworn upon her oath says that she resides in Washita county, and state of Oklahoma; that on the 6th day of September, 1928, she gave birth to a male child, that said child is a bastard, and that one Kermit Jones is the father of said child, and that said child was born alive and is still living.

"Wherefore, she prays that a warrant in bastardy be issued out of the above-named court for the arrest of the said Kermit Jones, and that he be brought before said court and be dealt with according to law."

The defendant insists that the trial court erred in overruling motion to make complaint more definite and certain. This alleged error is answered adverse to the contention of the plaintiff in error here in the case of Libby v. State, 42 Okla. 603, 142 P. 406, wherein it is held:

"In an action for the support of a bastard child, under section 4401, Rev. Laws 1910, it is the state of pregnancy or the birth of the child which fixes the responsibility of the putative father and not the date of conception.

"2. In an action under said section, a complaint which shows under oath that the affiant is the mother of a bastard child, that she is a resident of the county in which the complaint is made, and that the defendant is the father of such child, states facts sufficient to constitute a cause of action under such section.

"3. An action brought under section 4401, Rev. Laws 1910, is in the nature of a civil action, and all that is required of the plaintiff is to prove the case by a fair preponderance of the evidence."

Section 8059, C. O. S. 1921, provides:

"Whenever any woman residing in any county of this state is delivered of a bastard child, or is pregnant with a child which if born alive will be a bastard, complaint may be made in writing duly verified, by any person to the county court of the county where such woman resides, stating that fact and charging the proper person with being the father thereof. The proceeding shall be entitled in the name of the state against the accused as defendant."

Complaint is made by the defendant that the instructions of the court were erroneous. We have examined the instructions of the court and find no error therein. Defendant also insists that there is not sufficient evidence to support the verdict of the jury. This contention is also without merit.

Judgment of the trial court is affirmed.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. ANDREWS, J., absent.