### IMPSON v. STATE.

No. 20980.   Nov. 28, 1933.

Wilkinson & Wilkinson, for plaintiff in error.

Earl Pruet, County Atty., for defendant in error.

ANDREWS, J. This action was instituted on May 4, 1929, in the county court of Jefferson county in the name and by the authority of the state of Oklahoma upon a complaint and affidavit of Rosie Brezina that day filed charging that the plaintiff in error, the defendant, is the father of a child which was born to her out of wedlock on January 30, 1926. The defendant demurred to the complaint on the ground, among others, that the cause of action, if any had been stated, was barred by the statute of limitation. The demurrer was overruled by the trial court. The defendant filed an answer denying the allegations in the complaint and again pleaded the statute of limitation. From a judgment of conviction, the defendant appealed to this court.

Under the provisions of section 1718, O. S. 1931, proceedings in bastardy shall be entitled in the name of the state against the accused as defendant. Such a proceeding is in the nature of a civil action. Libby v. State, 42 Okla. 603, 142 P. 406; Powelson v. State, 69 Okla. 72, 169 P. 1093. Civil procedure is applicable. Ex parte Comstock, 10 Okla. 299, 61 P. 921; Bell v. Territory of Oklahoma, 8 Okla. 75, 56 P. 853.

The defendant contends that the trial court erred in failing to sustain his demurrer to the complaint upon the ground that the complaint showed upon its face that, if any - cause ever existed, the same was barred by the statute of limitation.

Under the provisions of section 1718, supra, the responsibility of a father begins not later than the date of the birth of the child. Libby v. State, supra. The cause of action, if any, in the instant case began not later than January 30, 1926.

We quote from 3 R. C. L., page 756, section 36, as to limitations in bastardy proceedings, as follows:

"* * * In the absence of express statutory provisions on the subject, the weight of authority is that general statutes of limitation include bastardy proceedings; but whether the statutes applicable are those relating to civil cases, or those relating to criminal cases, depends on the jurisdiction in which the proceeding is brought. If the proceeding is brought in a jurisdiction where it is considered civil in its nature, it is not governed by a statute limiting the time for bringing proceedings of a quasi criminal or penal nature, but by one limiting the time for bringing civil actions. On the other hand, within a jurisdiction where it is regarded as a criminal proceeding, it is governed by a statute limiting the time for bringing criminal proceedings"

—and from 7 Corpus Juris, page 977, section 80, under the chapter entitled "Bastards," as follows:

"Proceedings must be instituted within the time prescribed by the statute relating thereto, and the fact that the mother is an infant will not excuse a noncompliance with the statute. Except where it is considered of a purely criminal nature, a proceeding in bastardy is usually held not to fall within the provisions of statutes limiting the time within which actions or prosecutions may be brought. Thus it is not within the meaning of a statute regulating actions for misdemeanors or crimes, for penalties or forfeitures, or for proceedings of a quasi criminal or penal nature. The cause of action accrues at the time when the complaint may first be made. The original complaint is the institution of the proceedings on the cause of action."

The second paragraph of section 101, O. S. 1931, provides:

"Within three years: An action upon a contract express or implied, not in writing; an action upon a liability created by statute, other than a forfeiture or penalty."

In State ex rel. Berge v. Patterson, 100 N. W. 162, the Supreme Court of South Dakota, in interpreting a statute similar to section 1718, supra, held:

"An action under Rev. Code Civ. Proc., sec. 807, by the mother of a bastard child against the father to compel him to support the child, is an action on a liability created by statute, other than a penalty or forfeiture, and is not barred by limitations in two years, but, under section 60, may be brought at any time within six years."

—and said:

"This being 'an action upon a liability created by statute, other than a penalty or forfeiture,' there is no merit in the contention that the state is seeking to recover a forfeiture or penalty that is barred in two years by the statute of limitations. A civil

action to enforce the moral, natural, and statutory obligation of the father to support his illegitimate child may be commenced at any time within six years, and section 60 of the Revised Code of Civil Procedure settles adversely to the defendant this question urged in support of his demurrer."

In State ex rel. Patterson v. Pickering (S. D.) 136 N. W. 105, that court held:

"A bastardy proceeding to compel a father to contribute to the support of his illegitimate child is a civil action, so that Code Cr. Proc., sec. 86, as amended by Laws 1907, c. 129, providing that all proceedings of a quasi criminal or penal nature shall be filed within three years after the commission of the offense, would not apply to bar such proceeding after three years."

The plaintiff contends that the liability of a father to support his child is a continuing liability; that it continues until the child reaches the age of 15 years, and that no statute of limitation will run during that time. In support of that contention the plaintiff cites section 1856, C. O. S. 1921, as amended by chapter 78, sec. 2, Session Laws 1923, section 1830, O. S. 1931. That statute has no application to a proceeding under the bastardy statute. We are limiting this opinion to the issues presented.

We are of the opinion, and hold, that the defendant's plea of the statute of limitations was a complete bar to the action. Having reached that conclusion, it is unnecessary to consider other alleged errors of the trial court.

The judgment of the trial court is reversed, and the cause is remanded to that court, with directions to dismiss the complaint.

CULLISON, V. C. J., and SWINDALL, McNEILL, and WELCH, JJ., concur. RILEY, C. J., and OSBORN, BAYLESS, and BUSBY, JJ., absent.