## JOHNSON v. STATE.

No. 24725.    Sept. 17, 1935.

H. A. Johnson, for plaintiff in error.

J. Berry King, Atty. Gen., Jesse L. Ballard, Asst. Atty. Gen., and Paul W. Cress, Co. Atty., for defendant in error.

WELCH, J. This action is a proceeding in bastardy, instituted in the county court of Noble county, upon the verified complaint of Carrie Meisinger, charging the plaintiff in error, H. A. Johnson, with being the father of a bastard child.

The parties will be referred to as in the trial court.

A general demurrer to the complaint was overruled. A plea of not guilty was entered and the case was tried to a jury, resulting in a verdict finding the defendant guilty, and the court rendered judgment that the defendant pay to said Carrie Meisinger the sum of $8,700 in monthly installments during the minority of the child.

The defendant has appealed from this judgment.

The defendant contends that the cause should be reversed on the ground that the complaint shows upon its face that the cause of action was barred by the statute of limitations and the trial court erred in overruling the demurrer thereto, and in overruling the motion for new trial. The complaint was filed July 19, 1932, in which it was alleged that the child was born on the 13th day of February, 1929, and that the complainant had resided in Noble county for 18 years. The action was thus brought more than three years after it arose. The proceedings authorized by section 1718, O. S. 1931 (section 8059, C. O. S. 1921), is in the nature of a civil action, which under the provisions of the second paragraph of section 101, O. S. 1931 (section 185, C. O. S. 1921), is barred

if instituted more than three years after the cause of action arose. Libby v. State, 42 Okla. 603, 142 P. 406; Powelson v. State, 69 Okla. 72, 169 P. 1093; Impson v. State, 166 Okla. 246, 27 P. (2d) 359. The complaint showed upon its face that the cause of action was barred by the three-year statute of limitations.

It is the rule in this state that where a petition shows clearly upon its face that more than the statutory period of limitations has elapsed and there is no allegation in the petition which takes the cause out of the operation of the statute, a general demurrer is sufficient to raise the question and should be sustained and it is error to overrule the same. Missouri, K. & T. Ry. Co. v. Wilcox, 32 Okla. 51, 121 P. 656; Martin et al. v. Gassert, 40 Okla. 608, 139 P. 1141; Froage et al. v. Webb, 65 Okla. 149, 165 P. 150; Raymer et al. v. Comley Lumber Co., 169 Okla. 576, 38 P. (2d) 8. Under the provisions of section 1723, O. S. 1931, section 8064, C. O. S. 1921, no other plea than "guilty" or "not guilty" is permitted, and in this case the issues were made by the defendant's plea of "not guilty," and he did not waive the right to raise the question of the statute of limitation by entering such a plea. One of the assignments of error set forth in the motion for new trial was the overruling of the demurrer to the complaint, and in both the motion for new trial and in the petition in error the defendant set forth the overruling of the demurrer to the complaint as an assignment of error.

In the various state and federal courts many actions have been held barred by statutes of limitation when the bar of such a statute was clear. Our laws make such a bar absolute. Note the following partial quotation from our statutes:

"Civil actions can only be commenced within the periods prescribed in this article," etc. (section 98, O. S. 1931.)

And "Actions * * * can only be brought within the periods hereinafter prescribed * * * and at no time thereafter." (Section 99. O. S. 1931.)

And in section 101, O. S. 1931, the applicable section here:

"Civil actions, other than for the recovery of real property can only be brought within the following periods * * * and not afterwards."

And again in section 108, O. S. 1931, it is provided in part:

"When a right of action is barred by the provisions of any statute, it shall be unavailable either as a cause of action or ground of defense."

The applicable provisions of the statute are binding upon all, and require beyond any question that this action be held to be barred by the allegations of the complaint, even though the cause of action may have been most meritorious in the beginning when the cause arose and the defendant then without any defense on the facts. The complaint alleges no facts to toll the statute, or to avoid the plain bar of the statute, which is made apparent by the face of the complaint, and for that reason the trial court erred in overruling the demurrer to the complaint.

If the proper order on demurrer had been made in the trial court, an amended complaint might have been proper, or there might have been some request to amend the complaint. The cause should therefore be remanded to the trial court, with directions to vacate the judgment rendered and sustain defendant's demurrer to the complaint, without prejudice to the right to make application to amend.

The judgment is reversed and the cause remanded for further proceedings consistent with the views herein expressed.

McNEILL, C. J., and RILEY, BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur. OSBORN, V. C. J., and BUSBY, J., dissent.

BUSBY, J. (dissenting). I believe the judgment of the trial court in this case should be affirmed. A reversal of the case fails to attach the proper relative importance to a principle of law which I believe should control our conclusion and lead to a different result.

It is an elementary rule of appellate procedure that a case will not be reviewed in this court on a different theory from that on which it was tried in the court below. Morrison et al. v. Atkinson et al., 16 Okla. 571, 85 P. 472, 8 Ann. Cas. 486; Board of Com'rs of Pottawatomie County v. Henderson, 66 Okla. 282, 168 P. 1007; Polson v. Revard et al., 104 Okla. 279, 232 P. 435.

This legal principle operates to prevent the statute of limitations from being invoked for the first time in this court on appeal. Polson v. Revard et al., supra; Citizens First Nat. Bank et al. v. Whiting et al., 112 Okla. 221, 240 P. 641; McGrath v. Durham, 151 Okla. 55, 1 P. (2d) 718; Whitener et al. v. Moss, 71 Okla. 57, 175 P. 223.

This case is being reversed on the theory that, being a bastardy proceeding, it is bar-

red by the three-year statute of limitations under the rule announced by this court in Impson v. State, 166 Okla. 246, 27 P. (2d) 359.

As I view the record, it clearly appears from an examination thereof that the statute of limitations was neither presented nor urged in the court below. A careful review of the entire case-made fails to disclose a single reference to the statute of limitations. In fact, the words "statute of limitations," or words of similar import do not appear in the record in a single instance.

The majority opinion adopts the view that since, under the previous decisions of this court, the statute of limitations may be urged under a general demurrer when the complaint or petition reflects that the period prescribed by the statute has expired prior to commencement of the action, and since a general demurrer to the complaint was filed in this case, it should be presumed that the defendant urged the statute as a ground of defense in the court below. In other words, they presume that the grounds of defense were as broad and as many as the pleadings would permit, and therefore presume that the statute of limitations was presented under the general demurrer in the court below.

It is my opinion that we may and should look to the entire record to determine the theory upon which the case was presented in the court below, and that when the record reflects that some theory within the scope of the pleadings was not presented, we should not review the case on that theory. It is also my view that with reference to some defenses, such as the statute of limitations and the statute of frauds, silence alone may be sufficient to warrant a conclusion that the defense was not urged before the trial court. I shall first demonstrate that these methods of determining the theory upon which a case was presented in the trial court are recognized in law; then undertake to point out that under the recognized tests the record in this case reflects that the statute of limitations was not presented in the court below.

In 2 R. C. L., page 82, the rule is stated in the following language:

"In order to determine the theory of a case as presented to the trial court, the appellate court will look to the entire record and the briefs of counsel and will construe the pleadings on the theory most apparent, most clearly outlined by the facts stated, and according to their general scope and tenor."

In the case of Whitener et al. v. Moss, supra, this court held that one who had

presented a general demurrer could not raise the statute of limitations on appeal when the record showed that after the demurrer was overruled the case was submitted to the trial court on an agreed statement of facts and agreed question of law which did not concern the statute of limitations. This case definitely demonstrates that the parties to litigation may confine themselves to a theory which is narrower than the scope of their pleadings. To the same effect, see Will T. Little Co. et al. v. Burnham, Hanna, Munger & Co., 5 Okla. 283, 49 P. 66.

In this state the method of pleading the statute of frauds is quite similar to the approved method of pleading the statute of limitations issue. Thus the statute of frauds may be presented under a general demurrer where the petition reflects that the contract sued on is within the statute. Mason Motors Spirit Distributing Co., Ltd., v. Cosden et al., 105 Okla. 244, 231 P. 890; Crabtree v. Eufaula Cotton Seed Oil Co., 32 Okla. 465, 122 P. 664.

The defense of the statute of frauds may be presented during the trial by a general denial. Altoona Portland Cement Co. v. Purbank et al., 44 Okla. 75, 143 P. 845; Render v. Lillard, 61 Okla. 206, 160 P. 705. By reason of the similarity in pleading, cases dealing with the statute of frauds are by analogy applicable in cases dealing with the statute of limitations.

In the case of Render v. Lillard, supra, a general denial had been interposed which as we have seen was broad enough as a pleading to raise the issue of the statute of frauds. Just as the general demurrer in this case is broad enough to raise the issue of the statute of limitations.

In that case the only method of determining that the statute of frauds was not urged in the court below was the utter silence of the record, just as in this case the principal means of determining that the statute of limitations was not urged or presented below is the absolute silence of the record.

In that case we held that even though the pleading was broad enough to include the issue, the failure of the defendant to even so much as mention the statute demonstrated that the theory was not urged. We said:

"The defendant quotes from and cites the following authorities in his reply brief filed herein * * * to show that the statute of frauds may be raised under a general denial. To this proposition we have acceded and do now accede. 'But one thing lackest thou yet.' The defendant, having thus raised said issue by his general denial which at the same

time raises the other issue denying the making of the contract sued upon, must, in some manner, someway, somehow, and by some means, go further and challenge the attention of the trial court to the issue of the statute of frauds, and insist and rely upon it as a defense in the trial court. He will not be permitted by some legerdemain to keep this issue, so raised by him, snugly smuggled away somewhere in the mental catacombs of silence and obscurity, jealously keeping and guarding it from the sight and attention of the trial court from the inception of the cause to its uttermost close, and then for the first time spring it on this court, Minerva-like, and press it for the first time, and as the sole, single, and only issue in his brief here."

The foregoing authorities demonstrate that to determine the theory upon which a case was presented to the trial court we may look to the entire record, and that silence alone is sufficient to reflect that some issue within the pleadings was not in fact presented.

Viewing the case at bar in the light of these recognized principles, we find that, although a general demurrer was presented and overruled, neither the demurrer nor the order overruling the same mentions the statute of limitations. Thereafter the case was tried to a jury and the statute of limitations was never mentioned. No requested instruction was submitted mentioning the same. No exception was taken to any of the instructions given on the theory that they did not incorporate the law with reference to the statute of limitations. Then the defendant appealed to this court. He urged that the judgment of the trial court was in excess of $1,000 and therefore beyond the jurisdiction of the trial court. This contention was untenable. Bennett v. State, 147 Okla. 14, 294 P. 149; Wilson v. State, 73 Okla. 227, 175 P. 829. The regular briefs authorized by the rules of this court were completed and the time for filing additional briefs, except by leave of court had expired. In those briefs the defendant had never mentioned the statute of limitations.

Then this court decided Impson v. State, supra, holding for the first time that the statute of limitations applied to a bastardy proceeding. Thereafter the defendant obtained leave to file a supplemental brief, and for the first time in the history of this case the statute of limitations was mentioned in print. It seems to me that but one rational conclusion can be drawn, namely, the defendant did not present the statute of limitations in the court below as a defense and the record so reflects by its utter silence.

We have, therefore, in my judgment reviewed and reversed this case on a theory not presented to the trial court.

In his own testimony in this case the defendant admitted illicit relations with the mother of the illegitimate child extending over a prolonged period of time. No evidence was introduced tending to show that any other man might be the father of the child. The jury found that the defendant was the father. The child is entitled to support and maintenance even though it does not bear the name of its father, the defendant.

The state asserts that had the statute been urged in the court below, it would have pleaded and proved an estoppel against the invocation of the same by the defendant. It will probably be able to do so in the future proceeding in this case. In the meantime the illegitimate child must await the necessities of life until its unnatural father can be forced through legal channels to bear his just burden. All because we have reversed this case on a theory which in my judgment the record demonstrates was never mentioned in the court below.

For these reasons, I respectfully dissent.