## CODAPONY v. STATE.

No. 26724. Oct. 20, 1936.

John F. Thomas, for plaintiff in error.

Dwight Malcolm, County Atty., and Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

PER CURIAM. This action was begun upon the complaint of Stella Keahbone of Comanche county against Dick Codapony for the support of her bastard child of whom she alleged Codapony was the father.

The case was tried and judgment rendered against Codapony, hereinafter referred to as the defendant, requiring him to pay $1,000 in installments of $10 per month into court for the support of the child.

The appeal is from this judgment.

The only errors presented in the brief are: First, insufficiency of the evidence; second, that in his closing argument the county attorney referred to the fact that the defendant did not take the witness stand in his own defense; and third, misconduct of the jury.

As to the first assignment of error, this court has repeatedly held that where there is evidence reasonably supporting or tending to support the verdict of the jury, the judgment will not be disturbed upon appeal. Whitney v. Miller, 158 Okla. 294, 13 P. (2d) 110; Jackson v. Hedlund, 157 Okla. 14, 10 P. (2d) 385.

We have carefully reviewed the evidence in this case and we find no merit in the defendant's contention. In fact, we find the evidence convincing, since it proved without contradiction that the defendant, a married man, was taking this 17 year old girl out at night, and on one occasion did not return until early morning, and the attempt to prove she was of previous bad character and reputation failed.

Second. This prosecution, under our statute, is in the nature of a civil action and the civil procedure governs; in fact, in the case of Libby v. State, 42 Okla. 603, 143 P. 406, the appeal was taken to the Criminal Court of Appeals, where it was held that court was without jurisdiction and the cause was transferred to this court for determination. Anderson v. State, 42 Okla. 151, 140 P. 1142; Bell v. Territory, 8 Okla. 75, 56 P. 853; In re Comstock, 10 Okla. 299, 61 P. 921; Powelson v. State, 69 Okla. 72, 169 P. 1093.

We, therefore, find no merit in the second proposition discussed in defendant's brief, that it was error for the county attorney to refer to the fact, in arguing the case to the jury, that the defendant did not take the witness stand in his own defense.

Third. Whether it was or was not error for the jurors to discuss in the jury room the resemblance the child bore to the defendant, there was no request by the defendant at the trial to have the child left out of the presence of the jury, and it was not offered in evidence as an exhibit, nor was any reference made by the prosecution as to its resemblance to the defendant, and furthermore, the affidavit by the defendant in support of his motion for a new trial is without corroboration, is based on hearsay, and there was no error in the court disregarding it and overruling the motion for a new trial.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Horace G. McKeever, Dan Mitchell, and Roy J. Elam in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. McKeever and approved by Mr. Mitchell and Mr. Elam, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and PHELPS, CORN, and GIBSON, JJ., concur. RILEY, BAYLESS, BUSBY, and WELCH, JJ., absent.