## BUCK v. STATE.

No. 34662.   Feb. 19, 1952.

*241 P. 2d 191.*

Gerald F. O'Brien, Tulsa, for plaintiff in error.

Lewis J. Bicking, Co. Atty., and Margaret Lamm, Asst. Co. Atty., Tulsa, for defendant in error.

GIBSON, J.   This is an appeal by defendant from his conviction in a bastardy proceeding. Defendant makes two contentions. The first is that the evidence is insufficient to sustain the verdict. The second is that the state

made improper and prejudicial remarks to the jury.

Defendant's first contention, that the verdict is not supported by sufficient evidence, cannot be sustained. The girl testified to intercourse with defendant, pregnancy and the birth of the child and denied intercourse with any other man.

As stated by this court in Miller v. State, 156 Okla. 253, 10 P. 2d 697:

"In the case of Jones v. State, 152 Okla. 139, 4 P. 2d 85, this court held in the third paragraph of the syllabus thereof:

" 'An action brought under section 8059, C. O. S. 1921, is in the nature of a civil action, and all that is required of the plaintiff is to prove the case by a fair preponderance of the evidence.' "

In Codapony v. State, 178 Okla. 61, 61 P. 2d 677, we said:

"Where there is competent evidence reasonably supporting or tending to support the verdict of the jury, the verdict and judgment based thereon will not be disturbed on appeal."

See, also, Harden v. State, 188 Okla. 155, 107 P. 2d 364.

We are of the opinion that the verdict and judgment of the court is reasonably supported by competent evidence.

Defendant's final contention that the state made improper and prejudicial statements in the argument to the jury must likewise be disallowed. The state introduced testimony of a young man and his girl companion who accompanied the prosecutrix and defendant on the night of the alleged acts and they denied that any of the parties engaged in acts of sexual intercourse. The state in its closing argument stated, in effect, that it could not be expected that these two witnesses would freely and voluntarily confess to such acts. Assuming, without deciding, that this statement was improper and prejudi-cial, the defendant offered no objection thereto and did not request the trial court to admonish the jury not to consider the same. The only explanation now is that this statement came at the end of a long trial and at such a time that the objection thereto would have emphasized the error in the minds of the jury. The argument is without substantial merit. The defendant did not save his exceptions to any alleged prejudicial remarks.

Affirmed.

HALLEY, V. C. J., and CORN, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.